**Rick BEASLEY,**
**Claimant–Employee–Respondent,**

v.

**DAKE, INCORPORATED,**
**Employer–Appellant.**

**No. 16865.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1990.

Carl S. Yendes, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for claimant-employee-respondent.

Patrick J. Platter, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for employer-appellant.

PREWITT, Judge.

Claimant, an iron worker, was injured while working on a construction project for Dake, Incorporated. Following his filing of a claim for workers' compensation benefits, the Labor and Industrial Relations Commission entered an award in his favor. The employer appeals.

The employer presents one point for our consideration. By that point, the employer contends there was insufficient competent evidence for the Commission to find claimant's accident caused permanent disability because, "the only physician who purported to causally relate the accident to the disability admitted there were equally plausible and inconsistent theories—that a disability pre-existed the accident or that the accident directly caused the disability."

The scope of this court's review in a workers' compensation matter is stated in Mo. Const. art. V., § 18, and § 287.495, RSMo 1986. The latter states in part:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

From this statute, the constitutional provision, and their predecessors, certain principles have developed. Appellate courts review workers' compensation cases in the light most favorable to the award of the Commission and uphold the decision of the Commission if it is supported by competent and substantial evidence. *Page v. Green*, 686 S.W.2d 528, 530 (Mo.App.1985); *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 921 (Mo.App.1982).

The Commission is charged with the responsibility of passing upon the credibility of witnesses, and it may disbelieve testimony of a witness though no contradictory or impeaching evidence is presented. *Page*, 686 S.W.2d at 530. A Commission's acceptance or rejection of part or all of the witness's testimony cannot be disturbed upon review, unless its acceptance or rejection is against the overwhelming weight of the evidence. *Id.*

Claimant was injured on June 12, 1985 in Springfield. He was initially treated by an emergency room physician at Cox Medical Center South. He had received a laceration to his left leg and it was sutured there. Two medical physicians testified. Both said that claimant had permanent disability and gave similar ratings as to that disability.

Janie R. Vale, M.D., an "Occupational Medical specialist", testified by deposition for the claimant. In direct testimony, she concluded that claimant's disability was caused by the accident on June 12, 1985. The employer contends this testimony was not sufficient to establish the disability was a result of that accident because of answers she gave during cross-examination. The employer points to these questions and answers:

Q (By Mr. Platter [attorney for the employer]) If indeed Mr. Beasley had suffered swelling of the left lower leg in the early 1970s, if indeed he had suffered from swelling in the left lower extremity for the 20 years prior to the accident, and if indeed it was necessary for Mr. Beasley to work on a platform at elevated levels rather than on beams and for Mr. Beasley to work primarily on the ground as an iron worker, would your opinion concerning the etiology of Mr. Beasley's condition be different?

A Yes, it would.

\* \* \* \* \* \*

Q With another traumatic laceration before 1985 could the condition have been permanent even before June of 1985?

A Yes.

Q So that what you saw was a continuation of a preexisting problem?

MR. YENDES [attorney for claimant]: Object, that calls for speculation and supposes facts not in evidence.

Q (by Mr. Platter) You can go ahead and answer.

A If that were the case, yes.

Charles J. Ash, M.D., an orthopaedic surgeon, testified by deposition for the employer. He concluded that claimant's disability was the result of a condition which existed before June 12, 1985. This conclusion was primarily based upon the information hypothesized in the questions propounded to Dr. Vale quoted above.

Whether the information contained in those hypothetical questions was correct was in dispute. The Commission adopted the findings of fact of the Administrative Law Judge who initially heard this matter. The judge specifically rejected evidence that there had been "any medical problem to Mr. Beasley's left leg prior to accident". The judge determined that "all of the credible evidence is consistent in that Mr. Beasley had no problems with his left leg prior

to the injury." He found that Dr. Ash improperly based his opinion on a nurse's note "that the lower leg is quite edematous and that patient states that it's been that way for 20 years." The judge, and thus the Commission, found "persuasive the testimony of Dr. Vale finding that claimant's medical condition was caused by the accident."

The acceptance or rejection of the testimony of prior medical problems regarding claimant's leg was for the Commission. It chose to reject that testimony. Dr. Vale's testimony which qualified her earlier statements that the disability was a result of the accident of June 12, 1985, was based upon information which the Commission found not credible. Therefore, those answers have no validity. Her testimony, based upon facts consistent with the Commission's findings, was that the disability was caused by the June 12, 1985 accident. That testimony supplied competent and substantial evidence to support the award as to the cause of claimant's disability.

The award is affirmed.

MAUS, P.J., and CROW, J., concur.