**Walter COLE, Jr., Claimant/Appellant,**

v.

**TOWN & COUNTRY EXTERIORS,
Employer/Respondent.**

No. 61748.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 29, 1992.

Edwin J. Olson, Madigan & Olson, St. Louis, for claimant and appellant.

Timothy M. Tierney, Evans & Dixon, St. Louis, for employer and respondent.

CRANE, Judge.

In this workers' compensation case, claimant Walter Cole, Jr. appeals from the final award of the Labor and Industrial Relations Commission affirming the award of the Administrative Law Judge (ALJ) denying compensation because the injury did not arise out of and in the course of his employment. Claimant asserts the Commission erred in making its award. He contends that the injuries he suffered while a passenger in a fellow employee's truck while on his way to work arose out of and in the course of his employment with Town & Country Exteriors.

Claimant alleged he suffered accidental injuries on October 16, 1986 while he was riding to work as a passenger in a truck driven by his brother-in-law. Town & Country denied all allegations and specifically denied that claimant was an employee of Town & Country and, in the alternative, that claimant had sustained an accidental injury arising out of and in the course of his employment.

At the hearing claimant testified on his own behalf and also called his father, Walter Cole, Sr., and his brother-in-law, Richard Sadler, to testify. Town & Country called Lee Cooley, president and owner of Town & Country.

The evidence adduced at the hearing revealed that claimant worked as a siding installer for his father, Walter Cole, Sr., and with his brother-in-law, Richard Sadler. Various firms, including Town & Country, subcontracted siding installation jobs to them. When Town & Country needed siding installed at a site, its owner, Lee Cooley, would contact Cole, Sr. and tell him where the job was and when to begin. Town & Country would then order and pay for any required materials.

On the first day of a job, claimant and Sadler would use Sadler's truck to pick up the materials and deliver them to the job site. Cooley would meet them at the job site and describe the required installation. Cooley did not furnish tools or installation equipment and did not control the manner of their work. Cooley did not supervise their work, but he occasionally appeared on the site to inspect their progress, hear a customer complaint, and order any required corrections.

Town & Country paid Cole, Sr. a flat rate per job based on the amount of siding to be installed at the site. After they finished a job, Town & Country would issue a check to Cole, Sr., from which he paid claimant and Sadler their respective shares. Town & Country did not deduct any federal, state or local taxes from the check, but did deduct a percentage to provide them with workers' compensation coverage for on-site injuries. At tax time, Town & Country issued an IRS form 1099 to Cole, Sr. for payments made during that year.

Sadler owned the truck used to carry tools, equipment and materials to job sites. Sadler and claimant shared the truck's maintenance and operating costs, and used their own tools and equipment on siding jobs for the various contractors.

In this instance, Cooley contacted Cole, Sr. about a job in Franklin County which they were to begin on Friday, October 3, 1986. On that Friday, Sadler and claimant picked up materials in St. Louis and delivered them to the job site near Washington, Missouri. After work, they loaded the truck with some of their equipment and tools, along with some nails and possibly some caulking, took them home and unloaded them at Sadler's house. However, they left the bulk of the materials, including the siding, and much of their equipment, including ladders, scaffolding and boards, at the job site over the weekend.

On Monday morning, October 6, 1986, claimant and Sadler loaded the tools, equipment, nails and caulking onto Sadler's truck and Sadler drove to the job site. On the road about one mile from the job site, the truck slid on loose gravel, rolled over and injured both claimant and Sadler.

The ALJ found that, for the purposes of Missouri's Workers' Compensation Law, claimant was a statutory employee of employer as defined in § 287.040 RSMo 1986. He suggested that claimant may have been an employee without resort to that section under *Ceradsky v. Mid–America Dairymen*, 583 S.W.2d 193 (Mo.App.1979). He then found that claimant's injury suffered in an accident while traveling to the job site did not arise out of or in the course of employment and denied compensation. The Labor and Industrial Relations Commission affirmed the denial of compensation, with one member dissenting. Claimant appeals the final award of the Commission asserting that the accident did arise out of and in the course of employment.

■ When a workers' compensation claim is appealed, we review the whole record in the light most favorable to the decision, deferring to the Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence and we affirm when the decision is supported by competent and substantial evidence. *Pattengill v. General Motors Corp.*, 820 S.W.2d 112, 113 (Mo.App.1991). In the absence of fraud, the findings of fact made by the Commission within its

powers are conclusive and binding. *Id.* We review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) that the Commission acted without or in excess of its powers;

(2) that the award was procured by fraud;

(3) that the facts found by the Commission do not support the award;

(4) that there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1 RSMo 1986; *Pattengill*, 820 S.W.2d at 113. Since the Labor and Industrial Relations Commission in this case affirmed and adopted the award denying compensation, we review the decision and findings of the ALJ as adopted by the Commission. *Cox v. General Motors Corp.*, 691 S.W.2d 294, 296 (Mo.App.1985).

■ For his sole point on appeal, claimant states, "The majority of the commission erred in ruling that the employee's injury was not arising out of and in the course and scope of his employment." This point fails to state wherein and why the trial court erred and thus does not comply with Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Notwithstanding the failure of this point to comply with the rules, we will *ex gratia* consider the issue raised in the argument portion of the brief in order to review and determine the issues on the merits.

■ The Commission found that claimant was a statutory employee of Town & Country under § 287.040. It also suggested, "Indeed, under the liberal construction given the concept of employee the claimant may well have been an employee without resort to that section." The Commission then denied compensation on the grounds that the accident did not arise out of or in the course of employment. We agree that the Commission correctly denied compensation, but we reach that result on different grounds. We are not bound by the Commission's interpretation or application of

law. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991).

■ The evidence established that Town & Country's relationship to Cole, Sr., and thus to claimant, was that of contractor and sub-contractor. Under § 287.120 RSMo (Cum.Supp.1990), employees, not independent contractors, are covered against injuries arising out of or in the course of employment. *Rutherford v. Tobin Quarries*, 336 Mo. 1171, 82 S.W.2d 918, 923 (1935). Section 287.020.1 RSMo 1986 defines employee to mean every person in the service of any employer under any contract of hire, express or implied, oral or written. In contrast, an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer, except as to the final result of his work. *Rutherford*, 82 S.W.2d at 920; *Ceradsky*, 583 S.W.2d at 197 n. 1.

■ Employees are distinguished from independent contractors by the amount of control exercised by the alleged employer. If the alleged employer's actual control or right to control the work performance is not readily apparent from the evidence, we look to several factors: (1) whether the work is part of the regular business of the employer; (2) whether the employment is a distinct occupation requiring special skills; (3) whether the alleged employee may hire assistants; (4) whether the work is usually done under supervision; (5) whether the alleged employee must supply his own tools, equipment, supplies, and materials; (6) the existence of a contract for a specific piece of work at a fixed price; (7) the length of time the person is employed; (8) the method of payment, whether by time or by the job; and (9) the extent to which the alleged employee may control the details of his work, except as to final results. *Maltz v. Jackoway–Katz Cap Co.*, 336 Mo. 1000, 82 S.W.2d 909, 916 (1934); *Ceradsky*, 583 S.W.2d at 196; *Lawrence v. Gebhardt*, 311 S.W.2d 97, 102–103 (Mo.App.1958).

Under the above factors it is clear that claimant was an independent contractor. Cole, Sr. operated a firm specializing in siding installation and subcontracted jobs for various siding sales firms. He employed claimant and Sadler, and the group worked without outside supervision. While Town & Country supplied materials, claimant's group supplied their own compressor and other tools, and used Sadler's truck. Cole, Sr. and Cooley executed an oral, fixed-price contract for this siding installation job. Cole, Sr. was paid a flat rate per job, from which he paid claimant and Sadler. Town & Country did not deduct any federal, state or local taxes, and annually issued a single IRS form 1099 to the group. Town & Country did deduct an amount to purchase workers' compensation insurance for claimant's group, but coverage was limited to on-site injuries. Cooley only specified the starting date, described the desired final results, and ordered any required corrections to achieve the proper final results. Otherwise, claimant's group had full control over the installation and completed the installation at their own pace. Accordingly, claimant was an independent contractor and not an employee of Town & Country under § 287.020.1.

■ Because claimant was not an employee of Town & Country, he would not be entitled to compensation as an employee under § 287.120. A contractor or employee of a contractor may be entitled to compensation as a statutory employee under § 287.040 under certain circumstances. The statutory employment provisions of § 287.040 constitute an exception to the rule of non-liability of the principal to an independent contractor or its employees. *Schwandt v. Witte*, 346 S.W.2d 50, 52 (Mo. 1961). In order to categorize an individual as a statutory employee under § 287.040, three elements must exist: (1) the work must be performed pursuant to a contract; (2) the injury must occur on or about the premises of the alleged statutory employer; and (3) when injured, the alleged statutory employee must be performing work in the usual course of business of the alleged statutory employer. *McGuire v. Tenneco*, 756 S.W.2d 532, 534 (Mo. banc 1988).

■ Claimant does not satisfy this test because he was not injured on the

premises of Town & Country. "Premises" includes any place under the exclusive control of the alleged statutory employer, where the general public does not have the same right of use as does the independent contractor. *Johnson v. Medlock,* 420 S.W.2d 57, 61–62 (Mo.App.1967). A home undergoing remodeling or repair becomes the premises of the principal contractor while the work is being done. *Boatman v. Superior Outdoor Advertising Co.,* 482 S.W.2d 743, 745–46 (Mo.App.1972). However premises does not extend to public roads used by independent contractors to get to the job site. The general public has the same right to travel on a public road as did claimant. Accordingly, injuries suffered by claimant while travelling to the job site did not occur on the premises. *Id.*

Because he was carrying nails and caulking, claimant seeks to apply the dual purpose or mutual benefit doctrines to this situation. These doctrines only arise in determining whether an accident arose out of or in the course of employment in employer-employee cases. Since claimant's injuries did not occur upon the premises under the exclusive control of Town & Country, Town & Country has no liability under the Workers' Compensation Law.

The Commission did not err in finding that claimant's accident was not compensable under the Workers' Compensation Law. The Commission's final award denying benefits is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.