Elmer STOCKMAN, deceased, Appellant,

v.

J.C. INDUSTRIES, INC., Respondent.

No. WD 46889.

Missouri Court of Appeals,
Western District.

May 18, 1993.

Cornelius Thomas Ducey, Jr., St. Louis, for appellant.

Ernie Brasier, St. Louis, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and KENNEDY, JJ.

LOWENSTEIN, Chief Judge.

Claimant, the spouse of the deceased employee, Elmer Stockman, appeals the denial of workers' compensation benefits by the Labor and Industrial Relations Commission (Commission). Stockman died when he lost control of his car on his way home from work. The parties dispute whether Stockman died while in the scope and course of employment under exceptions to the general rule injuries that occur while going to or from work do not fall within the Workers' Compensation Act. The administrative law judge awarded benefits to the claimant un-

der the mutual benefit dual purpose exceptions. The Commission reversed and denied compensation.

■ Elmer Stockman had worked as a carpenter for J.C. Industries for three years. The company had a job in the Lake of the Ozark area which involved two different work sites in a state park. Stockman worked at one job site roofing a shelter. He lived in Jefferson City and traveled back and forth to the work site near the Lake with other J.C. Industries employees. The employees arranged a car pool and took turns driving to the work site. J.C. Industries did not reimburse the employees for gas. On occasion, when Stockman had his car at the job site he would use his vehicle to obtain supplies or take precast concrete cylinders to a laboratory for testing in Jefferson City.

On his way home from work in October 1989, with other employees in the car, Stockman lost control of his car about five miles from the work site but within the state park. On the day of the accident, Stockman had not used his vehicle to obtain supplies or to transport concrete cylinders. He did have a company saw in his trunk which a witness for the claimant on cross examination said was put there by accident. On redirect, the witness said he told Stockman to go ahead and put the saw in his car. The witness testified the supply trailer was "down a ways." At the time, the witness was the most senior person on work site.

The administrative law judge in concluding the death arose out of and in the course of employment held, "the fact that on the day of the injury and death the employee's vehicle had not been used to obtain supplies or materials or deliver concrete cylinders to the laboratory should not defeat the . . . claim for benefits." The judge found the vehicle was available if needed for use in the employer's business and for the employer's benefit if the company truck was not available. The Commission reversed. The appellant asserts the Commission erred because Stockman died within the scope and course of his employment. Also, the appellant asserts the accident took place on the work site.

This court reviews findings of fact in workers' compensation cases in the light most favorable to the decision of the Commission, deferring to the Commission when it resolves issues concerning the credibility and weight given to conflicting evidence. *Cole v. Town and Country Exteriors*, 837 S.W.2d 580, 583 (Mo.App.1992). This court affirms when the decision is supported by competent and substantial evidence upon the whole record. *Id.* at 583. This court must disregard any evidence which might support a finding different from that of the Commission and that is true although a finding to the contrary would have been supported by the evidence. *Hutchinson v. Tri–State Motor Transit Co.*, 721 S.W.2d 158, 161 (Mo.App.1986). This court reviews only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) that the Commission acted without or in excess of its powers;

(2) that the award was procured by fraud;

(3) that the facts found by the Commission do not support the award; or

(4) that there was not sufficient competent evidence in the record to warrant the making of the award.

*Cole*, 837 S.W.2d at 583; § 287.495.1, RSMo Cum.Supp.1992.

■ The burden is on the claimant to prove the injury to the employee arose out of and in the course of employment. *McClain v. Welsh Co.*, 748 S.W.2d 720, 724 (Mo.App.1988). "Arising out of" means that a causal connection exists between the employee's duties and the injury. *Shinn v. General Binding Corp.*, 789 S.W.2d 230, 231 (Mo.App.1990). "In the course of employment" refers to the time, place and circumstances of the injury. *Id.* at 232. Injuries arise out of employment if they are a natural and reasonable incident of the employment. Injuries are in the course of employment if the accident occurs within the period of employment at a place where the employee reasonably may be fulfilling the duties of employment. *Id.* at 232.

Generally, an employee may not recover workers' compensation for injuries sustained during travel to and from work. *Brenneisen v. Leach's Standard Serv. Station,* 806 S.W.2d 443, 448 (Mo.App. 1991). The appellant relies on the mutual benefits doctrine and the dual purpose doctrine as exceptions to the general rule. Although courts often use the terminology interchangeably, the doctrines are distinguishable. *Id.* at 447. Under the dual purpose doctrine, if the work of the employee creates the necessity of travel, the employee is in the course of his employment and is entitled to compensation even though the employee is at the same time serving some purpose of his own. *McClain,* 748 S.W.2d at 726. For the doctrine to apply, the trier of fact must be able to infer the employee would have made the journey even though the private purpose was absent. *Id.* Under the mutual benefits doctrine, an injury suffered by an employee while performing an act for the mutual benefit of the employer and the employee is compensable when some advantage to the employer results from the employee's conduct. *Brenneisen,* 806 S.W.2d at 447–48.

In this case, viewing the facts in the light most favorable to the Commission's findings, at the time of the accident, Stockman did not have a dual purpose on his way home the day of the accident. Also, based on the facts that support the Commission's decision, this court determines Stockman did not provide a mutual benefit for the employer.

When the foreman on the job left the work crew, he said the employees were collecting the work tools in a bucket to place inside the tool trailer. He also said the company did not require employees to drive their own vehicles or transport tools. An employer's acquiescence in the use of the employee's vehicle does not make a claimant's travel to or from work in the vehicle work related when the claimant is not engaged in any specific errand for the employer at the time of the accident, not transporting any company materials to work, and not required to bring the vehicle

to work as part of his employment. *McClain,* 748 S.W.2d at 729. Although Stockman had the company saw in the car, viewed in the light most favorable to the Commission's finding, the employer had no need for Stockman to transport the saw to and from work. The employer had a tool trailer available on the site to store the tools which made it unnecessary for Stockman to transport the saw for the employer.

Similarly, the saw in the car did not provide a mutual benefit for the employer. For the doctrine to apply, the employee must suffer an injury while engaged in activity for the mutual benefit of the employer and employee, even if it is the slightest benefit. *Brenneisen,* 806 S.W.2d at 448. In this case, Stockman put the saw in the car because it was more convenient than walking to the tool trailer. This action cannot create a benefit for the employer who knew nothing about Stockman transporting the saw. The foreman testified he had not missed the saw and did not know if it was found in Stockman's car. The witness for the claimant testified Stockman accidently placed the saw in his trunk. Taking the saw home did not benefit the employer because the employer provided a storage facility for the tools on the site. The Commission was free to believe the testimony the saw was placed in the car by accident. On the day of the accident, the Commission found Stockman had not used his vehicle in any way that would fall under the "mutual benefit doctrine" or the "dual purpose doctrine" exceptions. The decision of the Commission was based on competent and substantial evidence and this court affirms the decision.

For the second point, the appellant asserts the Commission erred because the accident took place on the work site. Generally, an employee may not receive compensation for injuries sustained by an employee while going to and from work. *Brenneisen,* 806 S.W.2d at 448. When an employee suffers an accident while leaving work, still on the employer's premises, those injuries received are considered incidental to employment and are compensable. *Zahn v. Associated Dry Goods Corp.,* 655

S.W.2d 769, 772 (Mo.App.1983). Another exception exists where the off-premises point is on the only route or the normal route that employees must take to get to their employment and there exists a special hazard, one to which the employee is exposed by reason of employment, to which the general public is not subjected. *Beck v. Edison Bros. Stores, Inc.,* 657 S.W.2d 326, 328 (Mo.App.1983).

█ Stockman suffered the fatal accident about five miles from the actual work site although the accident occurred in the park. The accident did not occur on the employer's premises or the work site. Travel on the public highway did not expose Stockman to a special hazard by reason of his employment different from that to the general public. Stockman lost control of his car when he looked at a vehicle off the side of the road. His car went on the shoulder, half in gravel and half on the road. When Stockman cut the wheel to bring his car back on the road, the car flipped.. This court upholds the Commission's decision the accident did not fall within the Workers' Compensation Act.

The Commission's decision is supported by substantial and competent evidence and is a correct application of the law.

Judgment affirmed.