**Herman Lee RAINES,
Employee/Appellant,**

**v.**

**PRO–AIRE and St. Louis Freightliner Company, Employers/Respondents,**

**Aetna Casualty and Surety Company, Respondent,**

**and**

**Insurer of the State of Missouri as Custodian of the Second Injury Fund, Additional Party/Respondent.**

No. 62994.

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1993.

Harry J. Nichols, St. Louis, for appellant.

Daniel L. Steigerwald, Hayes, Newmark & Steigerwald, St. Louis, and Scott Fetterhoff, Lichtenegger, Payne & Weiss, Jackson, for respondent.

AHRENS, Presiding Judge.

Claimant, Herman Lee Raines, appeals from a Final Award of the Labor and Industrial Relations Commission (Commission) denying him workers' compensation benefits. Claimant sustained injuries in a motor vehicle accident after he lost control of the truck he was driving. An Administrative Law Judge (ALJ) found claimant was not an employee of respondent, St. Louis Freightliner Company, at the time of the accident; the Commission affirmed the ALJ's decision. We affirm.

On September 6, 1985, claimant was an employee of Porter Truck Company, now known as Pro–Aire. On that date, claimant was driving a tractor trailer Pro–Aire had purchased from St. Louis Freightliner. While passing through St. Louis on his way from New York to California, claimant stopped at St. Louis Freightliner to have some warranty work performed on the truck.

In St. Louis, claimant was met by Paul Thrasher, a sales representative for St. Louis Freightliner. Thrasher asked claimant if he would drive a new truck to a customer in Troy, Missouri, and stated that in exchange for the service, he would furnish claimant with transportation back to St. Louis, dinner, and drinks. Claimant had made one prior trip pursuant to the same arrangement, and he agreed to make the trip again. Claimant went to the driver's lounge at St. Louis Freightliner and was later awakened by Thrasher, who told him the truck was ready to depart. Thrasher followed claimant, carrying the paperwork relating to the truck. At the time of claimant's departure, "dealer" license plates were on the truck.

As claimant was driving on the highway, the traffic ahead of him stopped. Claimant was unable to stop and hit the concrete divider in the center of the road. The truck crossed the road, coming to rest on the right shoulder of the highway. As a result of the accident, claimant suffered injuries to his right arm and wrist, and his head.

At the hearing before the ALJ, claimant testified he was driving the truck for Thrasher on his own time and not working for Porter at the time of the accident. On cross-examination, claimant testified he spoke with no one at St. Louis Freightliner after the accident regarding the medical bills.

The vice-president of St. Louis Freightliner, Jerrold Blumoff, testified that Thrasher was authorized to call on potential purchasers of trucks and solicit contracts for the sales of trucks. Blumoff further testified that Thrasher had the duty of arranging the delivery of trucks either by driving the vehicles to the customer or arranging for the customer to pick them up. If Thrasher was to deliver a vehicle to a customer, he had authority to secure return transportation from another salesman, manager, or mechanic employed by St. Louis Freightliner. Blumoff testi-

fied that Thrasher had authority to deliver the truck, but had no authority to engage the services of someone other than St. Louis Freightliner employees or employees of the customer. He testified that he had no knowledge of a prior occasion where claimant drove a truck for Thrasher and that he verbally reprimanded Thrasher for allowing a nonemployee to drive a vehicle owned by St. Louis Freightliner, contrary to the company's policy.

In the findings of fact and conclusions of law, the ALJ found that on the issue whether the claimant was an employee at the time of the accident, claimant failed to present sufficient evidence to show Thrasher had authority to employ claimant on behalf of St. Louis Freightliner. Pursuant to § 287.480 RSMo 1986, claimant applied for review by the Commission. After reviewing the evidence and considering the whole record, the Commission on October 21, 1992, found competent and substantial evidence to support the ALJ's award and issued a Final Award affirming and incorporating the ALJ's decision. One commissioner dissented.

■ In reviewing the Commission's denial of an award, we will affirm if, after reviewing the entire record, the decision is supported by competent and substantial evidence. *Webber v. Chrysler Corp.*, 826 S.W.2d 51, 53 (Mo.App.1992). Further, "[a]ll evidence and inferences will be viewed in a light most favorable to the award, and the award will only be set aside if the Commission's findings are clearly contrary to the overwhelming weight of the evidence." *Carroll v. Loy–Lange Box Co.*, 829 S.W.2d 86, 88 (Mo.App.1992) (quoting *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64, 67 (Mo.App.1990)). "An appellate court will not substitute its judgment for that of the Commission even if it would have made a different initial decision." *Carroll*, 829 S.W.2d at 88 (*citing Carron*, 800 S.W.2d at 67). We review the decision and findings of the ALJ as adopted by the Commission. *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 583 (Mo.App.1992).

In his sole point on appeal, claimant alleges the Commission erred in failing to find claimant was an employee of St. Louis Freightliner on September 6, 1985, and argues the facts found by the Commission do not support its award.

Section 287.020 RSMo 1986, of the Workers' Compensation Act, (Act), defines "employee" as "every person in the service of any employer, as defined in this chapter, under any contract of hire, expressed or implied, oral or written, or under any appointment or election, including executive officers of corporations." In a workers' compensation case where the central issue is whether the alleged agent had actual or apparent authority to bind the alleged principal, the first step in determining if the claimant was an employee of the principal is to ascertain whether the alleged agent possessed authority.[1] *See Fielder v. Prod. Credit Assoc.*, 429 S.W.2d 307, 313 (Mo. App.1968).

> It is generally held that when a principal "holds out" another as possessing certain authority, thereby inducing others reasonably to believe that authority exists, the agent has apparent authority to act even though as between himself [or herself] and the principal such authority has not been granted. Apparent authority differs from actual authority in that the principal communicates directly with a third person to create apparent authority; to create actual authority, the principal communicates directly with the agent.

*Hamilton Hauling, Inc. v. GAF Corp.*, 719 S.W.2d 841, 846 (Mo.App.1986). There was no dispute that Thrasher had no actual authority to hire claimant as an employee of the alleged employer.

■ Apparent authority may arise in three ways: the principal may (1) directly

---

**1.** Claimant asserts that by using a civil case as support for the issue of apparent authority instead of reference to the Act, "the Commission 'mixed' the issue and failed to appropriately determine and to apply the statutory require-ments surrounding this state's Compensation Act's intent with specific regard to the issue of employee-employer relationship." We find this assertion without merit.

communicate the authority to a third person; (2) appoint a person to a position, such as manager or treasurer, which carries with it generally recognized duties; or (3) knowingly allow another to act as his or her agent in such capacity (i.e., allow an agent to carry out prior similar transactions). *Id.* at 847–48. Claimant contends the latter two methods were applicable in this case.

 First, claimant asserts he was led to believe Thrasher possessed apparent authority to hire him based on Thrasher's position as an employee of St. Louis Freightliner.

> If a principal puts an agent into, or knowingly permits him [or her] to occupy, a position in which according to the ordinary habits of persons in the locality, trade or profession, it is usual for such an agent to have a particular kind of authority, anyone dealing with him [or her] is justified in inferring that he [or she] has such authority, in the absence of reason to know otherwise.

*Hamilton Hauling,* 719 S.W.2d at 847 (quoting RESTATEMENT (SECOND) OF AGENCY § 49, comment c). Here, the parties submitted no evidence indicating that a sales representative for the sale of trucks generally had authority to retain and discharge employees. There was nothing to support an inference that a salesman could hire a nonemployee to deliver a truck. *See Hamilton Hauling,* 719 S.W.2d at 849. Thrasher, as a sales representative, could not reasonably be believed to possess the authority to hire claimant. The Commission found claimant failed to sustain his burden of proof on this argument, and we agree.[2]

Claimant relies on *Fielder* and *Mercer v. Rowe Ford Sales,* 446 S.W.2d 167 (Mo.App. 1969), to support his assertion that Thrasher had apparent authority due to his position, but these cases are distinguishable. In *Fielder,* the alleged agent was a branch manager, "endowed with authority to hire and fire employees" subject to the approval of the general manager. *Fielder,* 429 S.W.2d at 313. In that case, the branch manager conducted the interviews, made arrangements with regard to payment of salaries, and directed all work activities of the claimant. *Id.* The court found the branch manager had actual authority to interview the claimant and ostensible or apparent authority to employ the claimant. *Id.* In *Mercer,* the claimant was asked to drive a car for an auto dealership, a task which he had also done at a previous time. *Mercer,* 446 S.W.2d at 172. In that case, however, the claimant received direction from one of the partners in the dealership, who would reimburse him for expenses, and who had authority to hire the claimant on behalf of the partnership. *Id.* Again, the cases are not dispositive of the issue confronting us here.

 Next, claimant asserts apparent authority was created by acquiescence of the principal to prior acts of the agent. *Hamilton Hauling,* 719 S.W.2d at 848.

> [W]henever a person ... has knowingly and without dissent permitted ... [an]other to act as his [or her] agent in such capacity, or where his [or her] habits and course of dealing have been such as to reasonably warrant the presumption that such other was his [or her] agent, authorized to act in that capacity, whether it be a single transaction or a series of transactions, his [or her] authority to act for him [or her] in that capacity will be conclusively presumed so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence[.]

*Id.* Hence, acquiescence to create apparent authority requires knowledge on the part of the principal. *Id.* at 848.

 Based on the testimony of Blumoff, the vice-president of St. Louis Freightliner, the Commission found that St. Louis Freightliner had no knowledge of either of

---

**2.** At oral argument but not in his brief, claimant asserted Thrasher was a sales manager, and not a salesman or sales representative. As to this question, we are bound by the Commission's factual finding that he was a sales representative, not a sales manager. § 287.495.1 RSMo 1986. The record supports the Commission's finding.

Thrasher's transactions with claimant until after the accident; therefore, there was no acquiescence. No contrary evidence was presented. The Commission found claimant also failed to sustain his burden of proof on this argument. Consequently, claimant failed to establish Thrasher had apparent authority to bind St. Louis Freightliner.

■ The decision by the Commission to deny claimant workers' compensation benefits was supported by competent and substantial evidence. The Commission's findings that claimant was not an "employee" are not clearly contrary to the overwhelming weight of the evidence. Claimant failed to establish the alleged agent had apparent authority with which to bind claimant's alleged employer, and for purposes of the Workers' Compensation Act, the facts support the finding that claimant was not an employee of St. Louis Freightliner.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.