John J. JOHNSON, Jr., Employee/Appellant,

v.

EVANS & DIXON, Employer/Respondent.

No. 62979.

Missouri Court of Appeals, Eastern District, Division One.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

Application to Transfer Denied Oct. 26, 1993.

John J. Larsen, St. Louis, for appellant.

Colleen Joern Vetter, St. Louis, for respondent.

AHRENS, Presiding Judge.

Claimant, John J. Johnson, appeals from a Final Award of the Labor and Industrial Relations Commission (Commission) denying him workers' compensation benefits. Claimant was injured when involved in an automobile accident while travelling to work. An Administrative Law Judge (ALJ) entered an award denying compensation. The Commission affirmed the Award and entered a Final Award denying compensation, finding that the accident did not arise out of and in the course of claimant's employment. We affirm.

The evidence reveals that claimant was employed as an attorney at the law firm of

Evans and Dixon, specializing in workers' compensation litigation. The firm's office is located in the City of St. Louis. Claimant's job duties required him to attend depositions, dockets, and other matters away from the firm's office, at times outside of the St. Louis area. Claimant drove his personal vehicle to work each day. He was not reimbursed for travel expenses to and from work from his home. Claimant occasionally brought case files home to work on at night. His employer, however, did not require that claimant work at home. The firm's office was available to claimant if he chose to work late at night.

On February 12, 1985, claimant was involved in an automobile accident while driving his personal vehicle from home to the firm's office. Claimant was rear-ended by another automobile, and injured his neck and back. When the accident occurred, claimant had some case files from work in his vehicle. He was not certain, however, which files were in his automobile at the time of the accident. Claimant presented no evidence that he had worked on any of the files at home the evening before the accident.

The ALJ found that claimant failed to establish he was required to have a personal vehicle as a condition of his employment, and concluded that claimant's injuries did not arise out of or in the course of employment. The Commission affirmed the denial of compensation. Claimant appeals the Final Award of the Commission, asserting that the automobile accident did arise out of and in the course of employment.

█ On an appeal of a workers' compensation claim, we review the whole record in the light most favorable to the decision, and affirm when the decision is supported by competent and substantial evidence. *Cole v. Town & Country Exteriors*, 837 S.W.2d 580, 583 (Mo.App.1992). In the absence of fraud, the findings of fact made by the Commission are conclusive and binding. *Id.* We review questions of law only, and may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the

award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. § 287.495 RSMo (1986); *Cole,* 837 S.W.2d at 583.

In point one, claimant contends the Commission erred in finding that his injuries did not arise out of and in the course of employment, because "when an employer assigns an employee tasks which require the regular use and availability of a personal means of transportation, injuries sustained while conveying such means of transportation to the workplace are compensable." Claimant argues it is not necessary that an employer expressly state an employee is required to have his or her personal vehicle for use during each work day, but that "it is sufficient that the nature and duties of the employee's employment implicitly lead the reasonably prudent employee to believe that ... his or her job duties require the employee to have a personal vehicle available." According to claimant, the evidence supports his claim that he was required to have an automobile available on a daily basis as a condition of his employment.

█ The burden is on claimant to prove his injury arose out of and in the course of employment. *McClain v. Welsh Co.,* 748 S.W.2d 720, 724 (Mo.App.1988). "Arising out of" means that a causal connection exits between an employee's job duties and the injury. *Auto. Club Inter–Insurance Exch. v. Bevel,* 663 S.W.2d 242, 245 (Mo. banc 1984). "In the course of employment" refers to the time, place and circumstances of an employee's injury. *Id.*

█ Generally, injuries sustained by an employee while travelling to or returning from his or her place of employment do not arise out of and in the course and scope of employment. *McClain,* 748 S.W.2d at 724. A trip to or from work is considered an inevitable circumstance with which every employee is confronted and which normally bears no immediate relation to the actual services to be performed. *Id.* at 725. The courts, however, have recognized several exceptions to this general rule. *Id.* Claimant alleges his claim falls within an "implied contract" exception to the principle of no work-

ers' compensation coverage for injuries sustained when. commuting to or from work.

■ Here, viewing the evidence in the light most favorable to the Commission's findings, claimant was not required to have a personal vehicle for use each day at work. Employer presented substantial evidence that claimant was not required to have a personal vehicle available each day. A former associate, and several partners from Evans and Dixon testified or submitted affidavits stating that attorneys at the firm are not required to have their own vehicle as a condition of employment. Several witnesses testified that not all lawyers at the firm drive their personal vehicles to work each day; lawyers occasionally carpool or take public transportation to and from the office. Evidence was presented that no lawyer at the firm has ever been reprimanded for not having his or her own vehicle available at work. One of the partners testified that the means of transportation used to get to the office is the choice of each attorney. He further testified that many times he had not taken his personal vehicle to work, and on those occasions, if he needed to attend a deposition or some other matter outside of the office, he borrowed a friend's car, used public transportation, or rented an automobile.

Claimant relies on a number of authorities which he contends support the position that his job duties necessitated the regular use of a personal means of transportation, so that any injuries sustained while transporting his vehicle to work arose out of and in the course of employment. Claimant cites Professor Larson's treatise, A. Larson, *Workmen's Compensation Law*, (11th ed. 1993), which states, in part, that if an employee, as a part of his or her job, is required to bring a personal vehicle to work for use each day, the trip to and from work falls within the course of employment. A. Larson, *supra*, § 17.50. This treatise does not aid claimant, as the principle discussed in it relates to circumstances where the employee is required to take his or her own vehicle to work for use in the service of employment. *See McClain*, 748 S.W.2d at 727. The evidence here is substantial that claimant was not required to bring his automobile to work to use each day.

Claimant also relies on *Hammack v. Nicholson*, 539 S.W.2d 788 (Mo.App.1976). This case does not support his claim. In *Hammack*, the court found that the employee's drive home was within the course of his employment because the trip provided a benefit to employer. The court upheld the Commission's findings that: (1) the employer created the situation which necessitated the employee's trip by requesting that the employee empty an unused load of asphalt; and (2) the trip was a service errand undertaken by the employee so that the truck would be available to the employer for work the following day. *Hammack*, 539 S.W.2d at 790. Here, employer did not request that claimant transport any office documents or materials and claimant's drive to work was not a service errand for his employer.

The only Missouri case cited by claimant which holds that if an employee is required to bring a personal vehicle to work each day, then travel to and from the work place falls within the Workers' Compensation Act, is *Carol Van Pool v. Tri–County Human Development*, Injury No. 84–130558 (1986). This case, however, is a decision of the Commission which is an application of the law, and is not binding on this court. *See Miller v. Hirschbach Motor Lines, Inc.*, 714 S.W.2d 652, 654–55 (Mo.App.1986). In any event, in *Carol Van Pool*, the employer required the employee to use her personal vehicle. It is therefore distinguishable, as here employer presented evidence that claimant was not required to have a personal vehicle at work each day.

In *McClain*, 748 S.W.2d 720, the court discussed whether an "implied contract" may be created so as to require an employee to have his or her own vehicle at work each day. The *McClain* court, citing A. Farnsworth, *Contracts*, § 3.10 at 124 (1982), stated that under certain circumstances an implied contract may be created. *Id.* at 728. The court, however, rejected employee's argument that an implied contract had been created in that case, when there were no facts which showed that the employer led the employee to believe he was required to have a personal

automobile available as a part of the employment. *Id.*

Here, the Commission found that although it may have been the custom and practice for lawyers to use their personal automobiles in furtherance of the firm's daily business, the firm had no requirement that an associate have at his disposal daily an instant means of transportation with his or her personal automobile. This finding is supported by the evidence. Point one is denied.

■ In point two, claimant asserts that the Commission erred in finding that his injuries did not arise out of and in the course of employment because he had case files in his vehicle at the time of the accident. Claimant contends that his travel from home to the work place was work-related solely because he had the files in his automobile when the accident occurred. We disagree.

In support of this point, claimant relies on *Cox v. Copeland Bros. Constr. Co.*, 589 S.W.2d 55 (Mo.App.1979). In *Cox*, the court applied the dual purpose or mutual benefit doctrine to find that an automobile accident, in which a plumbing foreman was killed while driving from his home to a construction job site, fell within the Workers' Compensation Act. The employee was carrying in his pickup truck work plans and specifications he had worked on and revised while at home the night before the accident. The *Cox* court did not hold that the mere fact the employee had work materials in his vehicle at the time of the accident rendered the accident work-related. The court found that it was necessary for the progress of the construction job that the changed plans be made available at the job site on a daily basis. *Id.* at 60. It was the fact the employer benefitted from the employee working on the job plans at home and then transporting them to the job site which made travel to the job site work-related. *Id.* at 60–61.

In this case, claimant presented no evidence he worked on any cases at home the evening before the accident. Claimant testified he did not have "any idea" which files were in his vehicle at the time of the accident. The *Cox* case is distinguishable because here there was no evidence of any benefit awarded to the employer.

■ The mere fact an employee, while going to or from work, carries work documents with him or her does not, in itself, connect the trip into part of the employment. A. Larson, *Workmen's Compensation Law*, § 18.24(a) (11th ed. 1993). *See also Stockman v. J.C. Indus., Inc.*, 854 S.W.2d 24 (Mo. App.1993). In *Stockman*, the employee worked as a carpenter in the Lake of the Ozarks area. One day on his way home from work the employee was involved in a fatal automobile accident. The employee had occasionally used his personal vehicle to obtain work supplies and transport them to a job site, and to transport work items to a laboratory for testing in Jefferson City. On the date of the accident, the employee had a company-owned saw in his trunk. The employee's family claimed that under the dual purpose doctrine and the mutual benefit doctrine, the employee's travel home from the work site was compensable. On appeal, the court affirmed the Commission's finding that the injury did not arise out of and in the course of employment. *Stockman*, at 26–27. The court found that the employee had placed the saw in his trunk as a matter of convenience, and that the employee's taking the saw home did not benefit the employer. *Id.* Similarly, the mere fact claimant had files in his vehicle at the time of the accident did not make his trip from home to work an act within the course of employment. Point two is denied.

The Commission's decision is supported by substantial and competent evidence and is a correct application of the law.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.