**Denver WILLIAMS, Respondent,**

v.

**SERVICEMASTER and CNA Insurance Company, Appellant.**

**No. WD 50443.**

Missouri Court of Appeals,
Western District.

Aug. 22, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Gregory S. Brown, Kansas City, for appellant.

Hollis H. Hanover, Kansas City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

PER CURIAM:

Denver Williams was injured while driving his employer's van. The Labor and Industrial Relations Commission found that Williams' injuries resulted from his employment and that he was entitled to workers' compensation. ServiceMaster and its insurer, CNA Insurance Company, appeal. We affirm.

Williams worked at ServiceMaster in Raytown from 1985 until April 1988. ServiceMaster provided emergency services, including repair of fire and water damage, carpet cleaning, trauma and suicide cleanup, and drapery and upholstery cleaning. Williams was a refinisher and cabinet maker, but he worked on cleanup jobs when requested. His normal working hours were 8:00 A.M. to 4:30 P.M., but he was subject to being called to an emergency job during off-hours.

On April 26, 1988, because his personal vehicle needed repair, Williams asked his employer, Burl Prince, to let him use a ServiceMaster van. Prince agreed. Williams testified that he had his own personal tools in the van that he used for work. Also inside the van were ServiceMaster's sprayhopper texture machine (used to texturize ceilings) and some doors. Williams said that another crew had used the van during the day and left the doors and sprayhopper inside the van. When he saw the sprayhopper in the van, he asked Prince for permission to use it at home.

That evening while Williams was driving home, the van collided with another car. The impact caused the sprayhopper, stored on a shelf in the van, to fall and to hit Williams, fracturing his neck and injuring lumbar discs in his back. He also suffered atrophy in his leg and numbness in his arm.

As a result, he began wearing a leg brace to keep his foot from turning, a double back brace, and a TENS Unit to alleviate pain.

Williams filed a claim for compensation with the Missouri Division of Workers' Compensation alleging that his employment caused his injury. The division held that Williams' injury was not compensable because it did not arise out of, or occur within the course of, employment. Williams appealed to the Labor and Industrial Relations Commission which found that his injury was compensable under the "dual purpose doctrine." ServiceMaster and its insurer, CNA, appeal to this court.

■ The general rule is that injuries occurring while an employee is going to, or coming from, work are not compensable. *Stockman v. J.C. Industries, Inc.*, 854 S.W.2d 24, 27 (Mo.App.1993); *Brenneisen v. Leach's Standard Service Station*, 806 S.W.2d 443, 448 (Mo.App.1991). No one disputes that Williams was on his way home after a full day's work at ServiceMaster. This is not the end of the question, however, because Missouri courts have recognized several exceptions to the general rule.

■ One exception is the dual purpose doctrine. This doctrine provides that if the employee's work necessitates the travel, the employee is in the course of employment although he may be serving a simultaneous personal purpose. *Stockman*, 854 S.W.2d at 27. For this doctrine to apply, the journey must have been necessary even in the absence of a personal purpose. *Id.*

■ Viewing the facts in the light most favorable to the commission's findings, Williams did not have a dual purpose for his journey. He was on his way home, and he was not performing a service call for ServiceMaster. The commission found that his driving the van to his house served a dual purpose: a personal one of getting home and a business one of having the van and his tools available for an after-hours call. The dual purpose doctrine, however, requires that the employee's work create the necessity for travel. Work did not create Williams' need to travel in the company van. His personal

need of getting a ride home necessitated the trip. The dual purpose doctrine does not apply.

█ Another exception is the mutual benefit doctrine. If an employee is injured while performing an act for the mutual benefit of his employer and himself, the injury is compensable—no matter how slight the advantage is to the employer. *Id.; Brenneisen,* 806 S.W.2d at 448 (employee's driving home after work to retrieve dirty uniform using personal vehicle).

█ Williams' driving the company van home, although a big benefit to Williams in getting home, resulted in a mutual benefit to ServiceMaster by giving Williams access to a vehicle for any after-hours calls. This makes Williams' injury compensable. This is true although the advantage to ServiceMaster may have been slight.[1]

The commission identified the dual purpose doctrine as the basis for its decision. Although this was wrong, we still affirm in light of the applicability of the mutual benefit doctrine.

At oral argument, the parties argued the applicability of this court's recent decision in *Davis v. Research Medical Center,* 903 S.W.2d 557 (1995). *Davis* is not applicable in this case because the commission did not reject the credibility rulings of the division's administrative law judge. The commission reversed the administrative law judge's decision based upon the application of law, not based upon credibility of witnesses.

The judgment of the commission is affirmed.

---

1. The parties spend a large part of their argument discussing whether Williams' *personal* tools inside the van were for the benefit of Service-Master or were for the convenience of Williams. Because we decide that the ServiceMaster van was used for the mutual benefit of both Service-Master and Williams, we need not address this issue. The parties did not address in their briefs whether ServiceMaster's storing tools in the van should be deemed a benefit to the company, so we do not address that issue, either.