**Dwight JEMISON, Appellant,**

v.

**SUPERIOR AUTO MALL, Respondent.**

**No. WD 52500.**

Missouri Court of Appeals, Western District.

Oct. 1, 1996.

Rehearing Denied Nov. 26, 1996.

Stanley Loris Wiles, Kansas City, for Appellant.

Bart E. Eisfelder, Kansas City, for Respondent.

Before SPINDEN, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is a workers' compensation case where the injured employee, Dwight Jemison (hereinafter appellant), had a automobile accident during his lunch hour. Although the collision took place while he was returning from an interview with a potential new employer, appellant claims that the accident happened within the course of his employment entitling him to workers' compensation benefits. He alleges that his employer at the time, Superior Auto Mall (hereinafter respondent) directed him to stay "on the clock" so that he could purchase a can of paint for respondent during that same lunch break. Appellant appeals from a decision of the Labor and Industrial Relations Commission (hereinafter Commission) denying compensation, which affirmed the previous denial of compensation by Administrative Law Judge Siedlik. Appellant claims that the Commission erred in denying workers' compensation benefits by incorrectly applying the "dual purpose" doctrine to his activities, which he claims were "on the clock" and, therefore, within the course of employment. We disagree and affirm the decision of the Commission.

## FACTS

Dwight Jemison, appellant, was an employee of Superior Auto Mall, respondent, and worked as an automobile dealer. On April 13, 1993, appellant had scheduled two job interviews during his lunch hour. Appellant was driving a truck that he was in the process of purchasing from respondent, although respondent denies permitting appellant's use of the truck. Appellant asserts that he informed his immediate supervisor, Mr. Derry,

of the interviews. Mr. Derry allegedly told appellant to stay on the clock during the hour and pick up a can of spray paint. Mr. Derry denies that this conversation took place.

Appellant alleges that he left Superior Auto Mall, located at 103rd and State Line in Kansas, at about noon. He first went to Family Dollar Store, at 71st and Prospect, and purchased a can of spray paint. He then went to interviews at the Kansas City Water Department and the Solid Waste Department, located on 18th Street and on Chouteau, respectively. The accident took place at Chouteau and Stillwell Streets in Northeast Kansas City, Missouri, as appellant was on his way back to work. The other party involved in the collision informed respondent that the accident had taken place.

Appellant received treatment after the accident, followed by visits to a chiropractor. As a result of the accident, appellant sustained injuries to his right shoulder and lower back.

Administrative Law Judge Siedlik denied appellant's claim for workers' compensation benefits, based on his finding that even if the errand for the respondent had been legitimate, appellant's deviation from that route was significant enough to remove his actions from the scope of employment. On appeal to the Labor and Industrial Relations Commission, the Commission affirmed the denial of benefits and also found that appellant was solely on a personal errand at the time of the accident, thus precluding the dual purpose doctrine. Appellant now appeals the Commission's decision.

## STANDARD OF REVIEW

■ [T]he reviewing court examines the record, together with all reasonable inferences to be drawn from the evidence therein, in the light most favorable to the findings and award of the Commission to determine whether they are supported by competent and substantial evidence. If so, the reviewing court must then determine whether the Commission's findings and award, even if supported by some competent substantial evidence, were nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole record before the Commission. *Davis v. Research Medical Ctr.,* 903 S.W.2d 557, 565 (Mo.App.1995).

### I.

■ Appellant contends that the "dual purpose doctrine" has no application to his case and therefore, it was error for the Commission to affirm the ALJ's denial of worker's compensation benefits, which denial was based on an analysis of this doctrine. This contention is highly unusual in that normally it is the claimant who seeks to apply this doctrine in order to recover worker's compensation benefits. The doctrine is used as an exception to the general rule that injuries sustained by an employee while traveling to and from work are not compensable under worker's compensation. *Stockman v. J.C. Industries, Inc.,* 854 S.W.2d 24, 27 (Mo.App. 1993). In this case, appellant is claiming that because he was directed by his supervisor to "stay on the clock" during his lunch hour to pick up some spray paint for respondent, he was at all times within the course of his employment for purposes of worker's compensation, regardless of whose purpose he was serving at the time of the accident. His argument appears to be that if an employee is on a "paid lunch hour" at the direction of his employer, he is not traveling to or from work and is within the course of his employment. We disagree.

Respondent agrees with appellant that the dual purpose doctrine does not apply here, but disagrees as to why. Respondent, unlike appellant, argues that when the accident occurred, appellant had deviated from any purpose of his employer and that such deviation deprived him of benefits under the dual purpose doctrine. Ironically, both parties rely on *Parsons v. Kay's Home Cooking, Inc.,* 830 S.W.2d 46 (Mo.App.1992), to make their arguments. Inasmuch as appellant makes no claim for relief under the dual purpose doctrine, the only question for us to answer is whether appellant is correct in his assertion that being "on the clock" when injured entitles him to worker's compensation benefits regardless of whose purpose he was serving at the time his injuries were sustained.

Preliminarily, we would note that the appellant concedes that his appeal must fail unless his allegation that he was directed by his supervisor to "stay on the clock" is found to be true. In this regard, there was much conflicting testimony. Neither the ALJ, nor the Commission, made a specific finding as to whether this directive was actually given. It matters not. For purposes of this appeal, we will assume *arguendo* that the appellant was given such a directive.

 In order to recover under the Worker's Compensation Act, appellant must carry his burden of proving his injury arose out of and in the course of his employment. *Stockman,* 854 S.W.2d at 26.

'Arising out of' means that a causal connection exists between the employee's duties and the injury. (Cite omitted). 'In the course of employment' refers to the time, place and circumstances of the injury. (Cite omitted). Injuries arise out of employment if they are a natural and reasonable incident of the employment. Injuries are in the course of employment if the accident occurs within the period of employment at a place where the employee reasonably may be fulfilling the duties of employment.

*Id.* at 26. Appellant claims that he has met his burden in that he was injured while on a paid lunch hour, during which he was to perform work-related duties along with personal errands with the knowledge and consent of respondent. He cites no authority in support of this claim, other than *Parsons. Parsons,* however, does not aid the appellant. Appellant is correct that the *Parsons* court held that the dual purpose doctrine does not apply when "an employee deviates from an employer's business so that at the time of the accident he is serving only his own purpose." *Parsons,* 830 S.W.2d at 48. However, by not arguing for recovery under the dual purpose doctrine or the other recognized exception to the general rule, the "mutual benefits doctrine", appellant puts all his eggs in one basket—the "on the clock" basket, which does not hold eggs. *See Stockman,,* 854 S.W.2d at 27 (what constitutes the mutual benefits exception).

Although there are no cases that specifically deal with paid lunch breaks, this court in *Bell,* 858 S.W.2d at 763–64 did deal with a worker's compensation claim arising out of injuries sustained while on a paid hourly break. In affirming the denial of benefits by the Commission, the court held that

[p]aid vacations or sick leaves may be incidents of the employment and can conceivably be of mutual benefit to the employer and the employee, but events transpiring during the duration thereof do not arise out of or in the course of employment because there is an interruption or suspension of the employment and of the right of *control by the employer* and because the hazards which may be encountered are not associated with the work.

*Id.* at 764. Here, appellant concedes that when the accident occurred he was traveling back to respondent's place of business from a job interview, which was strictly personal in purpose. He had already purchased the spray paint prior to his job interview. He was not en route to or from purchasing the spray paint as directed. Thus, even though he had been directed to pick up the spray paint during his lunch hour, at the time of the accident he was serving his own personal purposes and was not under respondent's control. At this point in time, under the *Bell* rationale, even if it was a paid lunch hour, appellant's employment was interrupted and suspended. Thus, the injuries sustained by appellant, did not arise out of or in the course of his employment with respondent and the decision of the Commission affirming the ALJ's denial of worker's compensation benefits was not erroneous.

Point denied.

## CONCLUSION

We affirm the determination of the Commission to deny workers' compensation benefits.

All concur.