**John E. KING, Appellant (Employee),**

v.

**A.P. GREEN INDUSTRIES, INC., Respondent (Employer/Insurer),**

and

**Treasurer of the State of Missouri, Custodian of the Second Injury Fund.**

No. 75163.

Missouri Court of Appeals, Eastern District, Division Five.

May 25, 1999.

Mark E. Moreland, Scott P. Holwitt, St. Louis, for appellant.

Louis J. Leonatti, Randall P. Baker, Mexico, MO, for Respondent.

Before ROBERT G. DOWD, Jr., C.J., KAROHL, J. and CHARLES B. BLACKMAR, Senior Judge.

### ORDER

PER CURIAM.

Claimant appeals final award of The Labor and Industrial Relations Commission of Missouri denying worker's compensation benefits. The Commission affirmed the award of the administrative law judge. It incorporated a finding that claimant's "work was not a substantial factor of the cause of his shoulder conditions, and therefore, claimant has not sustained a compensable occupational disease." Our review is limited to a determination of whether the Commission's award is supported by competent and substantial evidence, viewing the record as a whole. *Smith v. Climate Engineering*, 939 S.W.2d 429, 431 (Mo. App. E.D.1996). We review all evidence and inferences in the light most favorable to the Commission's award. Id. The Commission may disregard testimony of witnesses and it has sole discretion to determine the way to be given expert opinions. Id.

The issue of causation was the subject of testimony of medical experts offered by claimant and by employer. Employer's witness, Dr. Jolly, an orthopedic surgeon, testified that claimant's shoulder condition was a chronic condition brought on by simply wear and tear process of daily activities. He opined that claimant's type of work was not "a strongly precipitating incident that caused the injury." This testimony was supported by the testimony of a second orthopedic surgeon.

We have reviewed the entire record and the parties' briefs. The Commission's award is supported by competent and substantial evidence. An extended opinion re-citing detailed facts and restating all of the principles of law involved would have no precedential value. We affirm the judgment pursuant to *rule 84.16(b)*.