Larry HAMPTON, Respondent,

v.

BIG BOY STEEL ERECTION,
Appellant,

Liberty Mutual Insurance
Company, Insurer,

Treasurer Of The State Of Missouri, as
Custodian of the Second Injury
Fund, Additional Party.

No. SC 85456.

Supreme Court of Missouri,
En Banc.

Dec. 9, 2003.

Bradley L. McChesney, St. Louis, for Appellant.

Matthew J. Padberg, Mark A. Keersmaker, Jr., Jeremiah W. (Jay) Nixon, Atty. Gen., Lee B Schaefer, Michael T. Finneran, Asst. Attys. Gen., St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

In this workers' compensation case, Big Boy Steel Erection (employer) appeals from the final award of the Labor and Industrial Relations Commission (commission) allowing compensation and modifying the award of the Administrative Law Judge (ALJ). The ALJ found that Larry Hampton (claimant) had sustained a 25% permanent partial disability of the body as a whole, caused by an injury he sustained to his back while working as an ironworker. The commission modified the award and found permanent and total disability. The employer appeals, contending that the commission erred in awarding permanent total disability benefits because the award was not supported by competent and substantial evidence and the award was against the overwhelming weight of the evidence.

After opinion by the Court of Appeals, Eastern District, the case was transferred to this Court. *Mo. Const. art. V, section 10.* The commission's award is affirmed.

## Background

The claimant was injured while working for the employer as an ironworker. He slipped on a beam and fell. An MRI revealed degenerative disc disease, multi-level disc bulge and relative narrowing of the spinal canal.

Dr. Mirkin, a surgeon with a sub-specialty in spinal conditions, treated the claimant and diagnosed degenerative disc disease. Dr. Mirkin released the claimant to work without restriction but eventually told him not to lift more than 50 pounds. He later concluded that the degenerative disc disease was not attributable to the claimant's activities at work and the claimant had suffered no permanent partial disability that was attributable to work.

Dr. Lauryssen, a neurosurgical specialist, examined the claimant and found that the claimant had continuing intractable incapacitating pain and recommended a surgical fusion.

Dr. Margolis, a neurologist, examined the claimant and found pre-existing degenerative disc disease and that the claimant suffered an injury in the workplace accident. Dr. Margolis noted that the claimant's employment had "significantly contributed" to the development of degenerative disc disease. He concluded that the claimant was 30% permanently and partially disabled, 25% from the workplace injury and 5% from the pre-existing disc disease.

Dr. Bernstein, a vocational rehabilitation specialist with a Ph.D. in educational psychology, examined the claimant. He found that the claimant would have difficulty lifting even relatively low amounts of weight (10–15 pounds), sitting, standing, or walking for prolonged periods, or engaging in repetitive bending, stooping, balancing or climbing. He concluded that the claimant was unemployable in the open labor market based on his age, lack of transferable skills, and physical limitations caused by

obesity, degenerative disease of the spine and hypertension.

Karen Kane, a vocational consultant with a master's degree in education, reviewed the record without personally interviewing the claimant. She did a transferable skills analysis and labor market survey. She relied upon the Dictionary of Occupational Titles and contacted prospective employers. She did not consider the claimant's claims that he could not lift more than 10 to 15 pounds and could not stand or sit for more than a short period of time. Her conclusion was that the claimant "would be able to seek, accept, be hired, and maintain full-time, gainful employment."

The claimant filed a claim for workers' compensation benefits for the back injury. At the hearing before the ALJ, the claimant testified that he never went back to work on full duty, but did work briefly on light duty as a supervisor. He testified that he is never pain free despite medication. He typically lies down or reclines for hours each day. He testified that he can sit for "about an hour," can be on his feet for only a "half hour or so," and could not combine sitting, standing or walking to work a normal day. He testified that he could not lift more than a gallon of milk.

The ALJ awarded 25% permanent partial disability. Although he found the claimant to be generally credible, the ALJ questioned the severity of the claimant's complaints and his incentive to return to work. The ALJ rejected a finding of total disability because he found Dr. Bernstein's conclusion unpersuasive as too reliant on the claimant's subjective complaints. The ALJ also found there was no evidence that the workplace injury, standing alone, had resulted in permanent and total disability.

1. All statutory references are to RSMo 2000.

On review the commission found the claimant was permanently and totally disabled and entered a final award allowing compensation and modifying the award of the ALJ. The commission found, contrary to the ALJ, that the claimant was fully credible. The commission found the nature of the injury to be severe and the claimant's subjective complaints in line with the objective medical findings. It concluded that the workplace injury aggravated the claimant's previously asymptomatic degenerative back problems resulting in total disability.

### Standard of Review

The Missouri constitution, article V, section 18 provides for judicial review of the commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record."

Section 287.495.1 of the Missouri statutes further indicates that a "court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award." [1]

The constitutional standard ("supported by competent and substantial evidence upon the whole record") is in harmony with the statutory standard ("sufficient competent evidence in the record"). A court must examine the whole record to determine if it contains sufficient compe-

tent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence. *Wood v. Wagner Electric Corp.*, 355 Mo. 670, 197 S.W.2d 647, 649 (1946).[2] Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence.

■ There is nothing in the constitution or section 287.495.1 that requires a reviewing court to view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award. To the extent holding otherwise, the cases listed in the appendix are overruled.

Once this inference drops out, there is no need to divide the examination of the record into two steps, as the court of appeals directed in *Davis*.[3] The two *Davis* steps can be merged into a single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award. This standard would not be met in the rare case when the award is contrary to the overwhelming weight of the evidence.

**Argument**

■ The employer argues that the commission's award was not supported by sufficient competent and substantial evidence, because the nature of the claimant's injury and the claimant's complaints of pain and limitations in range of motion did not establish the unavailability of jobs in the open labor market. The employer argues that the claimant's allegations alone cannot establish the unavailability of jobs in the open labor market. The employer further argues that Dr. Bernstein's conclusions were not sufficient to determine that the claimant was totally disabled due to the workplace injury alone. The employer points to the evidence from Dr. Margolis, Dr. Mirkin and Ms. Kane (who reached conclusions contrary to the commission's award), and argues that the commission's award is against the overwhelming weight of the evidence.

■ The commission found the claimant's testimony fully credible. Therefore, the commission found credible the claimant's testimony that he must lie down or recline for several hours during the day— a limitation that would prevent full time employment. As was found by the commission, the claimant's allegations are supported by the medical evidence of his severe impairment. A claimant's credible

2. For a thoroughly researched history of this standard of review, see *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo.App. 1995).

3. The *Davis court stated the standard of review as follows:*

First, the reviewing court examines the record, together with all reasonable inferences to be drawn from the evidence therein, in the light most favorable to the findings and award of the Commission to determine whether they are supported by competent and substantial evidence. If so, the reviewing court must then determine whether the Commission's findings and award, even if

supported by some competent substantial evidence, were nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole record before the Commission. .... In other words, the factual findings and resulting award of the Commission should be set aside on appeal if they are not supported by competent and substantial evidence or, even if supported by such evidence, if they are clearly contrary to the overwhelming weight of the evidence. Otherwise, the Commission's award is to be affirmed.

*Davis v. Research Medical Center*, 903 S.W.2d at 565 (citations omitted).

testimony as to work-related functioning can constitute competent and substantial evidence. *Jost v. Big Boys Steel Erection, Inc.*, 946 S.W.2d 777, 779 (Mo.App.1997).

By finding the claimant fully credible, the commission credited Dr. Bernstein's conclusions. Considering the claimant's limitations, his advanced age and his lack of transferable skills, Dr. Bernstein concluded that there would be no available jobs in the open labor market.

The commission reviewed the record and found that the claimant had been working at a job involving routine daily heavy lifting for years without symptoms of a back impairment. Following the accident, the claimant became unable to perform basic physical activity.

The record as a whole establishes that the claimant suffers from severe degenerative disc disease and that the impairment arose from the workplace accident. The commission relied upon sufficient competent and substantial evidence. Therefore, despite the differing evidence from Dr. Margolis, Dr. Mirkin and Ms. Kane as to the severity of the claimant's limitations, the commission's award is not contrary to the overwhelming weight of the evidence and thus is supported by competent and substantial evidence on the whole record. *Mo. Const. art. V, section 18.*

The commission's award is affirmed.

All concur.

### Appendix

*Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240 (Mo. banc 2003); *Messersmith v. University of Missouri–Columbia/Mt. Vernon Rehabilitation Center*, 43 S.W.3d 829 (Mo. banc 2001); Curry v. Ozarks Elec. Corp., 39 S.W.3d 494 (Mo. banc 2001); *Akers v. Warson Garden Apartments*, 961 S.W.2d 50 (Mo. banc 1998); *Wright v. Sports Associated, Inc.*, 887 S.W.2d 596 (Mo. banc 1994); *Scott v. Edwards Transp. Co., Inc.*, 807 S.W.2d 75 (Mo. banc 1991); *West v. Posten Const. Co.*, 804 S.W.2d 743 (Mo. banc 1991); *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364 (Mo. banc 1987); *Kloppenburg v. Queen Size Shoes, Inc.*, 704 S.W.2d 234 (Mo. banc 1986); *Stegeman v. St. Francis Xavier Parish*, 611 S.W.2d 204 (Mo. banc 1981); *Bone v. Daniel Hamm Drayage Co.*, 449 S.W.2d 169 (Mo.1970); *Wilhite v. Hurd*, 411 S.W.2d 72 (Mo.1967); *Lake v. Midwest Packing Co.*, 301 S.W.2d 834 (Mo.1957); *Francis v. Sam Miller Motors*, 282 S.W.2d 5 (Mo.1955); *Thacker v. Massman Const. Co.*, 247 S.W.2d 623 (Mo. 1952); *Elliott v. Indiana Western Express*, 118 S.W.3d 297, 2003 WL 22439561 (Mo. App.2003); *Baird v. Ozarks Coca–Cola/Dr. Pepper Bottling Co.*, 119 S.W.3d 151 (Mo. App.2003); *Rupard v. Kiesendahl*, 114 S.W.3d 389 (Mo.App.2003); *Cunningham v. Research Medical Center*, 108 S.W.3d 177 (Mo.App.2003); *Minies v. Meadowbrook Manor*, 105 S.W.3d 529 (Mo.App. 2003); *Shipp v. Treasurer of State*, 99 S.W.3d 44 (Mo.App.2003); *Uhlir v. Farmer*, 94 S.W.3d 441 (Mo.App.2003); *Wolfe v. Dubourg House/Archdiocese of St. Louis*, 93 S.W.3d 855 (Mo.App.2003); *Nielsen v. Max One Corp.*, 98 S.W.3d 585 (Mo.App. 2003); *Sharp v. New Mac Elec. Co-op.*, 92 S.W.3d 351 (Mo.App.2003); *Jones v. Dan D. Services, L.L.C.*, 91 S.W.3d 214 (Mo. App.2002); *Seeley v. Anchor Fence Co.*, 96 S.W.3d 809 (Mo.App.2002); *McDermott v. City of Northwoods Police Dept.*, 103 S.W.3d 134 (Mo.App.2002); *Rono v. Famous Barr*, 91 S.W.3d 688 (Mo.App.2002); *Phillips v. Par Elec. Contractors*, 92 S.W.3d 278 (Mo.App.2002); *Muller v. Treasurer Of Missouri*, 87 S.W.3d 36 (Mo. App.2002); *Nance v. Treasurer of Missouri*, 85 S.W.3d 767 (Mo.App.2002); *Thomas v. City of Springfield*, 88 S.W.3d 155 (Mo.App.2002); *Goerlich v. TPF, Inc.*,

85 S.W.3d 724 (Mo.App.2002); *E.W. v. Kansas City Missouri School Dist.*, 89 S.W.3d 527 (Mo.App.2002); *Bennett v. Columbia Health Care*, 80 S.W.3d 524 (Mo. App.2002); *DeGraffenreid v. R.L. Hannah Trucking Co.*, 80 S.W.3d 866 (Mo.App. 2002); *McCormack v. Carmen Schell Const. Co.*, 97 S.W.3d 497 (Mo.App.2002); *Grime v. Altec Industries*, 83 S.W.3d 581 (Mo.App.2002); *Lorentz v. Missouri State Treasurer*, 72 S.W.3d 315 (Mo.App.2002); *Miller v. Wangs*, 70 S.W.3d 671 (Mo.App. 2002); *Elliott v. Kansas City Mo., School Dist.*, 71 S.W.3d 652 (Mo.App.2002); *Gaston v. Steadley Co.*, 69 S.W.3d 158 (Mo. App.2002); *Dudley v. City of Des Peres*, 72 S.W.3d 134 (Mo.App.2002); *Smith v. Tiger Coaches, Inc.*, 73 S.W.3d 756 (Mo.App. 2002); *Pratt v. MFA, Inc.*, 67 S.W.3d 697 (Mo.App.2002); *Miller v. Penmac Personnel Services, Inc.*, 68 S.W.3d 574 (Mo.App. 2002); *Jones v. Trans World Airlines, Inc.*, 70 S.W.3d 468 (Mo.App.2001); *Buskuehl v. The Doe Run Co.*, 68 S.W.3d 535 (Mo.App.2001); *Crowell v. Hawkins*, 68 S.W.3d 432 (Mo.App.2001); *Loven v. Greene County*, 63 S.W.3d 278 (Mo.App. 2001); *Otte v. Langley's Lawn Care, Inc.*, 66 S.W.3d 64 (Mo.App.2001); *Smith v. District II A and B*, 59 S.W.3d 558 (Mo. App.2001); *Klausner v. Brockman*, 58 S.W.3d 671 (Mo.App.2001); *Tiller v. 166 Auto Auction*, 65 S.W.3d 1 (Mo.App.2001); *Tangblade v. Lear Corp.*, 58 S.W.3d 662 (Mo.App.2001); *Roberts v. Parker–Banks Chevrolet*, 58 S.W.3d 66 (Mo.App.2001); *Karoutzos v. Treasurer of State*, 55 S.W.3d 493 (Mo.App.2001); *Thompson v. Missouri Veterans' Home*, 58 S.W.3d 657 (Mo.App. 2001); *Chatmon v. St. Charles County Ambulance Dist.*, 55 S.W.3d 451 (Mo.App. 2001); *Loven v. Greene County*, 63 S.W.3d 278 (Mo.App.2001); *Thorsen v. Sachs Elec. Co.*, 52 S.W.3d 611 (Mo.App.2001); *Rana v. Landstar TLC*, 46 S.W.3d 614 (Mo.App.

2001); *Kennison v. Ranken Technical Institute*, 44 S.W.3d 899 (Mo.App.2001); *Sherman v. First Financial Planners, Inc.*, 41 S.W.3d 633 (Mo.App.2001); *Perry v. Tri–State Motor Transit Co.*, 41 S.W.3d 919 (Mo.App.2001); *Farmer–Cummings v. Future Foam, Inc.*, 44 S.W.3d 830 (Mo. App.2001); *Sullivan v. Masters Jackson Paving Co.*, 35 S.W.3d 879 (Mo.App.2001); *Whiteman v. Del–Jen Const., Inc.*, 37 S.W.3d 823 (Mo.App.2001); *Whiteman v. Del–Jen Const., Inc.*, 37 S.W.3d 823 (Mo. App.2001); *Sutton v. Vee Jay Cement Contracting Co.*, 37 S.W.3d 803 (Mo.App.2000); *Bloss v. Plastic Enterprises*, 32 S.W.3d 666 (Mo.App.2000); *Brockmeyer v. Stieferman Bros. Van & Storage*, 34 S.W.3d 236 (Mo. App.2000); *Irving v. Missouri State Treasurer*, 35 S.W.3d 441 (Mo.App.2000); *Cuba v. Jon Thomas Salons, Inc.*, 33 S.W.3d 542 (Mo.App.2000); *Smith v. Richardson Bros. Roofing*, 32 S.W.3d 568 (Mo.App.2000); *Wilmeth v. TMI, Inc.*, 26 S.W.3d 476 (Mo. App.2000); *Deckard v. O'Reilly Automotive, Inc.*, 31 S.W.3d 6 (Mo.App.2000); *Boyles v. USA Rebar Placement, Inc.*, 26 S.W.3d 418 (Mo.App.2000); *DiMaggio v. Johnston Audio/D & M Sound*, 19 S.W.3d 185 (Mo.App.2000); *Soos v. Mallinckrodt Chemical Co.*, 19 S.W.3d 683 (Mo.App. 2000); *Higgins v. D.W.F. Wholesale Florists*, 14 S.W.3d 286 (Mo.App.2000); *Harp v. Malone Freight Lines, Inc.*, 16 S.W.3d 667 (Mo.App.2000); *Maxon v. Leggett & Platt*, 9 S.W.3d 725 (Mo.App.2000); *Ransburg v. Great Plains Drilling*, 22 S.W.3d 726 (Mo.App.2000); *Kuczwara v. Continental Baking Co.*, 24 S.W.3d 712 (Mo. App.1999); *Tidwell v. Kloster Co.*, 8 S.W.3d 585 (Mo.App.1999); *Kizior v. Trans World Airlines*, 5 S.W.3d 195 (Mo. App.1999); *Seaton v. Cabool Lease, Inc.*, 7 S.W.3d 501 (Mo.App.1999); *Loyd v. Ozark Elec. Co-op., Inc.*, 4 S.W.3d 579 (Mo.App.

1999); *Willeford v. Lester E. Cox Medical Center,* 3 S.W.3d 872 (Mo.App.1999); *Conley v. Treasurer of Missouri,* 999 S.W.2d 269 (Mo.App.1999); *Reese v. Gary & Roger Link, Inc.,* 5 S.W.3d 522 (Mo.App.1999); *Mickey v. City Wide Maintenance,* 996 S.W.2d 144 (Mo.App.1999); *Mid–Missouri Mental Health Center v. Polston,* 995 S.W.2d 527 (Mo.App.1999); *Gausling v. United Industries,* 998 S.W.2d 133 (Mo. App.1999); *King v. A.P. Green Industries, Inc.,* 991 S.W.2d 223 (Mo.App.1999); *Pemberton v. 3M Co.,* 992 S.W.2d 365 (Mo.App. 1999); *Williams v. DePaul Health Center,* 996 S.W.2d 619 (Mo.App.1999); *Decker v. National Accounts Payable Auditors,* 993 S.W.2d 518 (Mo.App.1999); *Kaderly v. Race Brothers Farm Supply,* 993 S.W.2d 512 (Mo.App.1999); *Jacobs v. City of Jefferson,* 991 S.W.2d 693 (Mo.App.1999); *Davis v. General Elec. Co.,* 991 S.W.2d 699 (Mo.App.1999); *Reese v. Coleman,* 990 S.W.2d 195 (Mo.App.1999); *Flanigan v. St. James Paseo Learning Center,* 996 S.W.2d 524 (Mo.App.1999); *Putnam–Heisler v. Columbia Foods,* 989 S.W.2d 257 (Mo.App. 1999); *Messex v. Sachs Elec. Co.,* 989 S.W.2d 206 (Mo.App.1999); *Sanderson v. Porta–Fab Corp.,* 989 S.W.2d 599 (Mo.App. 1999); *Van Black v. Trio Masonry, Inc.,* 986 S.W.2d 200 (Mo.App.1999); *Williams v. City of Ava,* 982 S.W.2d 307 (Mo.App. 1998); *Bryan v. Summit Travel, Inc.,* 984 S.W.2d 185 (Mo.App.1998); *Breckle v. Hawk's Nest, Inc.,* 980 S.W.2d 192 (Mo. App.1998); *George–Brewer v. Pen Mar Southwest,* 980 S.W.2d 147 (Mo.App.1998); *Moriarty v. City of Kirksville,* 975 S.W.2d 215 (Mo.App.1998); *Seyler v. Spirtas Indus.,* 974 S.W.2d 536 (Mo.App.1998); *DeLong v. Shop 'N Save,* 972 S.W.2d 495 (Mo.App.1998); *Circo v. A–Cord Elec.,* 969 S.W.2d 228 (Mo.App.1998); *Lammert v. Vess Beverages, Inc.,* 968 S.W.2d 720 (Mo. App.1998); *Knipp v. Nordyne, Inc.,* 969 S.W.2d 236 (Mo.App.1998); *Wisely v. Sysco Foods,* 972 S.W.2d 315 (Mo.App.1998); *Simpson v. Saunchegrow Const.,* 965 S.W.2d 899 (Mo.App.1998); *Avery v. City of Columbia,* 966 S.W.2d 315 (Mo.App. 1998); *Crabill v. Hannicon,* 963 S.W.2d 440 (Mo.App.1998); *Esquivel v. Day's Inn of Branson,* 959 S.W.2d 486 (Mo.App. 1998); *Cahall v. Cahall,* 963 S.W.2d 368 (Mo.App.1998); *Holaus v. William J. Zickell Co.,* 958 S.W.2d 72 (Mo.App.1997); *Landers v. Chrysler Corp.,* 963 S.W.2d 275 (Mo.App.1997); *Feltrop v. Eskens Drywall and Insulation,* 957 S.W.2d 408 (Mo.App. 1997); *Cooper v. Medical Center of Independence,* 955 S.W.2d 570 (Mo.App.1997); *Walsh v. Treasurer of the State of Mo.,* 953 S.W.2d 632 (Mo.App.1997); *Coloney v. Accurate Superior Scale Co.,* 952 S.W.2d 755 (Mo.App.1997); *Carlson v. Plant Farm,* 952 S.W.2d 369 (Mo.App.1997); *Hunsicker v. J.C. Industries, Inc.,* 952 S.W.2d 376 (Mo.App.1997); *Cahall v. Riddle Trucking, Inc.,* 956 S.W.2d 315 (Mo.App.1997); *Nichols v. Mama Stuffeati's,* 965 S.W.2d 171 (Mo.App.1997); *Smith v. ConAgra, Inc.,* 949 S.W.2d 917 (Mo.App.1997); *Chambers v. SDX, Inc.,* 948 S.W.2d 448 (Mo.App. 1997); *Boring v. Treasurer of Mo., Custodian of the Second Injury Fund,* 947 S.W.2d 483 (Mo.App.1997); *Winsor v. Lee Johnson Const. Co.,* 950 S.W.2d 504 (Mo. App.1997); *Jost v. Big Boys Steel Erection, Inc.,* 946 S.W.2d 777 (Mo.App.1997); *Loepke v. Opies Transport, Inc.,* 945 S.W.2d 655 (Mo.App.1997); *Wiele v. National Super Markets, Inc.,* 948 S.W.2d 142 (Mo.App.1997); *Hubbert v. Boatmen's Bank,* 944 S.W.2d 302 (Mo.App.1997); *Oberley v. Oberley Engineering, Inc.,* 940 S.W.2d 953 (Mo.App.1997); *Bridges v. Reliable Chevrolet, Inc.,* 940 S.W.2d 51 (Mo. App.1997); *Sanders v. St. Clair Corp.,* 943 S.W.2d 12 (Mo.App.1997); *Cook v. St. Mary's Hosp.,* 939 S.W.2d 934 (Mo.App.

1997); *Vaught v. Vaughts, Incorporated/Southern Missouri Const.,* 938 S.W.2d 931 (Mo.App.1997); *Hall v. Country Kitchen Restaurant,* 936 S.W.2d 917 (Mo.App. 1997); *Houltzhouser v. Central Carrier Corp.,* 936 S.W.2d 908 (Mo.App.1997); *Dean v. St. Luke's Hospital,* 936 S.W.2d 601 (Mo.App.1997); *Lumbard–Bock v. Winchell's Donut Shop,* 939 S.W.2d 456 (Mo.App.1996); *Smith v. Climate Engineering,* 939 S.W.2d 429 (Mo.App.1996); *Stawizynski v. J.S. Alberici Const. Co.,* 936 S.W.2d 159 (Mo.App.1996); *Gander v. Shelby County,* 933 S.W.2d 892 (Mo.App. 1996); *Roller v. Treasurer of State of Mo.,* 935 S.W.2d 739 (Mo.App.1996); *Cook v. Sunnen Products Corp.,* 937 S.W.2d 221 (Mo.App.1996); *Lytle v. T–Mac, Inc.,* 931 S.W.2d 496 (Mo.App.1996); *Jemison v. Superior Auto Mall,* 932 S.W.2d 431 (Mo. App.1996); *Cunningham v. Leggett & Platt,* 929 S.W.2d 953 (Mo.App.1996); *Reeves v. Midwestern Mortg. Co.,* 929 S.W.2d 293 (Mo.App.1996); *Anderson v. Noel T. Adams Ambulance Dist.,* 931 S.W.2d 850 (Mo.App.1996); *Bruflat v. Mister Guy, Inc.,* 933 S.W.2d 829 (Mo.App. 1996); *Minnick v. South Metro Fire Protection Dist.,* 926 S.W.2d 906 (Mo.App. 1996); *Frye v. Viacom, Inc.,* 927 S.W.2d 545 (Mo.App.1996); *Weston Transp., Inc. v. Sharp,* 926 S.W.2d 219 (Mo.App.1996); *Campbell v. Citicorp Mortg., Inc.,* 924 S.W.2d 323 (Mo.App.1996); *Fehr v. R & S Exp.,* 924 S.W.2d 331 (Mo.App.1996); *Lakeman v. Treasurer of Missouri,* 923 S.W.2d 499 (Mo.App.1996); *Watkins v. Bi-State Development Agency,* 924 S.W.2d 18 (Mo.App.1996); *Stillwell v. Universal Const. Co.,* 922 S.W.2d 448 (Mo.App.1996); *Cruzan v. City of Paris,* 922 S.W.2d 473 (Mo.App.1996); *Arledge v. Progressive Tire Distribution,* 924 S.W.2d 506 (Mo.App.1996); *Fletcher v.* *Second Injury Fund,* 922 S.W.2d 402 (Mo. App.1996); *Marrone v. Modine Heat and Transfer,* 918 S.W.2d 315 (Mo.App.1996); *Lococo v. Hornberger Elec., Inc.,* 914 S.W.2d 67 (Mo.App.1996); *Herring v. Yellow Freight System, Inc.,* 914 S.W.2d 816 (Mo.App.1995); *Gillam v. General Motors Corp.,* 913 S.W.2d 81 (Mo.App.1995); *Garcia v. St. Louis County,* 916 S.W.2d 263 (Mo.App.1995); *McCormack v. Stewart Enterprises, Inc.,* 916 S.W.2d 219 (Mo.App. 1995); *Carter v. Frito–Lay,* 913 S.W.2d 341 (Mo.App.1995); *O'Hara v. A.D. Jacobson Co., Inc.,* 909 S.W.2d 381 (Mo.App. 1995); *Reece v. Neal Chevrolet & Universal Underwriters Ins. Co.,* 912 S.W.2d 599 (Mo.App.1995); *Gordon v. Tri–State Motor Transit Co.,* 908 S.W.2d 849 (Mo.App. 1995); *Wilmot v. Bulman,* 908 S.W.2d 139 (Mo.App.1995); *Williams v. ServiceMaster,* 907 S.W.2d 193 (Mo.App.1995); *Hoffman v. Mayberry Bros. Const.,* 904 S.W.2d 572 (Mo.App.1995); *Gilley v. Raskas Dairy,* 903 S.W.2d 656 (Mo.App.1995); *Sifferman v. Sears, Roebuck and Co.,* 906 S.W.2d 823 (Mo.App.1995); *Lane v. Schreiber Foods, Inc.,* 903 S.W.2d 616 (Mo. App.1995); *Turpin v. Turpin Elec., Inc.,* 904 S.W.2d 539 (Mo.App.1995); *Faulkner v. St. Luke's Hosp.,* 903 S.W.2d 588 (Mo. App.1995); *Walls by Walls v. Allen Cab Co., Inc.,* 903 S.W.2d 937 (Mo.App.1995); *Kramer v. Bill's Marine, Ltd.,* 897 S.W.2d 213 (Mo.App.1995); *Davis v. Research Medical Center,* 903 S.W.2d 557 (Mo.App. 1995); *Johnston v. P & K Mfg., Inc.,* 898 S.W.2d 658 (Mo.App.1995); *Downing v. Willamette Industries, Inc.,* 895 S.W.2d 650 (Mo.App.1995); *Glenn v. Stoneload Delivery Co.,* 894 S.W.2d 713 (Mo.App. 1995); *Duncan v. Springfield R–12 School Dist.,* 897 S.W.2d 108 (Mo.App.1995); *Bowman v. Zenith Radio Corp.,* 895 S.W.2d 276 (Mo.App.1995); *Parker v.*

*Springfield Ry. Services/Anheuser–Busch, Inc.,* 897 S.W.2d 103 (Mo.App.1995); *Clover v. Quality Plastics Co.,* 898 S.W.2d 609 (Mo.App.1995); *Porter v. Emerson Elec. Co.,* 895 S.W.2d 155 (Mo.App.1995); *Searcy v. McDonnell Douglas Aircraft Co.,* 894 S.W.2d 173 (Mo.App.1995); *Stufflebean v. Crete Carrier Corp.,* 895 S.W.2d 115 (Mo. App.1995); *Eimer v. Board of Police Com'rs of Kansas City Mo.,* 895 S.W.2d 117 (Mo.App.1995); *Dawson v. Home Interiors & Gifts, Inc.,* 890 S.W.2d 747 (Mo. App.1995); *Pendergrass v. Killian Const. Co.,* 891 S.W.2d 166 (Mo.App.1995); *Silman v. William Montgomery & Associates,* 891 S.W.2d 173 (Mo.App.1995); *Hogue v. Minact, Inc.,* 892 S.W.2d 758 (Mo. App.1995); *Dehatre v. Smith & Nephew Equipment Group,* 892 S.W.2d 369 (Mo. App.1995); *Quilty v. Frank's Food Mart,* 890 S.W.2d 360 (Mo.App.1994); *Miller v. Wefelmeyer,* 890 S.W.2d 372 (Mo.App. 1994); *Poehlein v. Trans World Airlines, Inc.,* 891 S.W.2d 505 (Mo.App.1994); *Sommer v. Sommer & Hartstein,* 888 S.W.2d 398 (Mo.App.1994); *Wilson v. ANR Freight Systems, Inc.,* 892 S.W.2d 658 (Mo.App.1994); *Sitzes v. Sitzes Repair Service & Towing,* 898 S.W.2d 95 (Mo.App. 1994); *Hilton v. Pizza Hut,* 892 S.W.2d 625 (Mo.App.1994); *Kintz v. Schnucks Markets, Inc.,* 889 S.W.2d 121 (Mo.App. 1994); *Keener v. Wilcox Elec. Inc.,* 884 S.W.2d 744 (Mo.App.1994); *Lawton v. Trans World Airlines, Inc.,* 885 S.W.2d 768 (Mo.App.1994); *Hunsperger v. Poole Truck Lines, Inc.,* 886 S.W.2d 656 (Mo. App.1994); *Rice v. State Farm Ins. Co.,* 885 S.W.2d 775 (Mo.App.1994); *Thompson v. Delmar Gardens of Chesterfield, Inc.,* 885 S.W.2d 780 (Mo.App.1994); *Moorehead v. Lismark Distributing Co.,* 884 S.W.2d 416 (Mo.App.1994); *Whitney v. Country Wide Truck Service, Inc.,* 886 S.W.2d 154 (Mo.App.1994); *Rooks v.*

*Trans World Airlines, Inc.,* 887 S.W.2d 671 (Mo.App.1994); *Smith v. Fabricated Metal Products,* 883 S.W.2d 537 (Mo.App. 1994); *Meyer v. Superior Insulating Tape,* 882 S.W.2d 735 (Mo.App.1994); *Dawson v. Associated Elec.,* 885 S.W.2d 712 (Mo.App. 1994); *Golden v. Preston Trucking Co., Inc.,* 882 S.W.2d 714 (Mo.App.1994); *Julian v. Consumers Markets, Inc.,* 882 S.W.2d 274 (Mo.App.1994); *McGrath v. Satellite Sprinkler Systems, Inc.,* 877 S.W.2d 704 (Mo.App.1994); *Hinton v. National Lock Corp.,* 879 S.W.2d 713 (Mo. App.1994); *Bergmeyer v. Queen's Supermarkets,* 878 S.W.2d 60 (Mo.App.1994); *Hamby v. Ray Webbe Corp.,* 877 S.W.2d 190 (Mo.App.1994); *Hillenburg v. Lester E. Cox Medical Center,* 879 S.W.2d 652 (Mo.App.1994); *Blankenship v. Columbia Sportswear,* 875 S.W.2d 937 (Mo.App. 1994); *Story v. Southern Roofing Co.,* 875 S.W.2d 228 (Mo.App.1994); *White v. Henderson Implement Co.,* 879 S.W.2d 575 (Mo.App.1994); *Hollingsworth v. Biebel Bros. Roofing,* 873 S.W.2d 664 (Mo.App. 1994); *Pullum v. Hudson Foods, Inc.,* 871 S.W.2d 94 (Mo.App.1994); *Faubion v. Swift Adhesives Co.,* 869 S.W.2d 839 (Mo. App.1994); *Dillard v. Leon Dickens/Forklift of Cuba,* 869 S.W.2d 317 (Mo.App. 1994); *McClendon v. Mid City Discount Drugs, Inc.,* 870 S.W.2d 456 (Mo.App. 1994); *Frazier v. Treasurer of Missouri as Custodian of Second Injury Fund,* 869 S.W.2d 152 (Mo.App.1993); *Olds v. Treasurer, State of Mo.,* 864 S.W.2d 406 (Mo. App.1993); *Strate v. Al Baker's Restaurant,* 864 S.W.2d 417 (Mo.App.1993); *Emert v. Ford Motor Co.,* 863 S.W.2d 629 (Mo.App.1993); *Redden v. Dan Redden Co.,* 859 S.W.2d 207 (Mo.App.1993); *Hutchison v. St. Louis Altenheim,* 858 S.W.2d 304 (Mo.App.1993); *Thornton v.*

*Haas Bakery*, 858 S.W.2d 831 (Mo.App. 1993); *Weniger v. Pulitzer Pub. Co.*, 860 S.W.2d 359 (Mo.App.1993); *Johnson v. Evans & Dixon*, 861 S.W.2d 633 (Mo.App. 1993); *Bell v. Arthur's Fashions, Inc.*, 858 S.W.2d 760 (Mo.App.1993); *Mann v. City of Pacific*, 860 S.W.2d 12 (Mo.App.1993); *Raines v. Pro–Aire*, 856 S.W.2d 124 (Mo. App.1993); *Hannick v. Kelly Temporary Services*, 855 S.W.2d 497 (Mo.App.1993); *George v. Shop 'N Save Warehouse Foods, Inc.*, 855 S.W.2d 460 (Mo.App.1993); *Willis v. Jewish Hosp.*, 854 S.W.2d 82 (Mo. App.1993); *Stockman v. J.C. Industries, Inc.*, 854 S.W.2d 24 (Mo.App.1993); *Johnson v. City of Kirksville*, 855 S.W.2d 396 (Mo.App.1993); *Smart v. Chrysler Motors Corp.*, 851 S.W.2d 62 (Mo.App.1993); *Jackson v. Midwest Youngstown Industries*, 849 S.W.2d 709 (Mo.App.1993); *Mann v. Supreme Exp.*, 851 S.W.2d 690 (Mo.App. 1993); *Montgomery v. Missouri Dept. of Corrections and Human Resources*, 849 S.W.2d 267 (Mo.App.1993); *Schneider v. Ashburn/Schneider Painting*, 849 S.W.2d 271 (Mo.App.1993); *Pruteanu v. Electro Core, Inc.*, 847 S.W.2d 203 (Mo.App.1993); *Evans v. Consumer Programs, Inc.*, 849 S.W.2d 183 (Mo.App.1993); *Weeks v. Maple Lawn Nursing Home*, 848 S.W.2d 515 (Mo.App.1993); *Gaston v. J.H. Ware Trucking Inc.*, 849 S.W.2d 70 (Mo.App. 1993); *Pattengill v. General Motors Corp.*, 845 S.W.2d 630 (Mo.App.1992); *Wood v. Dierbergs Market*, 843 S.W.2d 396 (Mo. App.1992); *Smith v. Arthur's Fashions*, 843 S.W.2d 3 (Mo.App.1992); *Shores v. General Motors Corp.*, 842 S.W.2d 929 (Mo.App.1992); *Baltz v. Frontier Airlines*, 842 S.W.2d 547 (Mo.App.1992); *Goleman v. MCI Transporters*, 844 S.W.2d 463 (Mo. App.1992); *Cole v. Town & Country Exteriors*, 837 S.W.2d 580 (Mo.App.1992); *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249 (Mo.App.1992); *Reiner v. Treasurer of State of Mo.*, 837 S.W.2d 363 (Mo.App.1992); *Lawson v. Emerson Elec. Co.*, 833 S.W.2d 467 (Mo.App.1992); *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574 (Mo.App.1992); *Young v. Handy Andy*, 831 S.W.2d 947 (Mo.App.1992); *Bauer v. Custom Trailer Repair, Inc.*, 829 S.W.2d 104 (Mo.App.1992); *Carroll v. Loy–Lange Box Co.*, 829 S.W.2d 86 (Mo.App.1992); *Talley v. Runny Meade Estates, Ltd.*, 831 S.W.2d 692 (Mo.App.1992); *Lyons v. Lyons Truck Service*, 831 S.W.2d 706 (Mo. App.1992); *Selby v. Trans World Airlines, Inc.*, 831 S.W.2d 221 (Mo.App.1992); *Lenzini v. Columbia Foods*, 829 S.W.2d 482 (Mo.App.1992); *Webber v. Chrysler Corp.*, 826 S.W.2d 51 (Mo.App.1992); *Jerome v. Farmers Produce Exchange*, 826 S.W.2d 3 (Mo.App.1991); *Pattengill v. General Motors Corp.*, 820 S.W.2d 112 (Mo.App.1991); *Chambliss v. Lutheran Medical Center*, 822 S.W.2d 926 (Mo.App.1991); *Fitzgerald v. Meyer*, 820 S.W.2d 633 (Mo.App.1991); *Rector v. City of Springfield*, 820 S.W.2d 639 (Mo.App.1991); *Hayes v. Hudson Foods, Inc.*, 818 S.W.2d 296 (Mo.App. 1991); *Scheper by Scheper v. Hair Repair, Ltd.*, 825 S.W.2d 1 (Mo.App.1991); *Woodburn v. May Distributing Co., Inc.*, 815 S.W.2d 477 (Mo.App.1991); *Hatter v. Cleaning Service Co.*, 814 S.W.2d 951 (Mo. App.1991); *Staggs v. Venetian Harbor Co.*, 813 S.W.2d 883 (Mo.App.1991); *Hayes v. General Motors*, 813 S.W.2d 62 (Mo.App. 1991); *Choate v. Lily Tulip, Inc.*, 809 S.W.2d 102 (Mo.App.1991); *Parker v. Mueller Pipeline, Inc.*, 807 S.W.2d 518 (Mo.App.1991); *Phillips v. Ozark Bank*, 803 S.W.2d 662 (Mo.App.1991); *Peterson v. St. Joseph Water Co.*, 802 S.W.2d 579 (Mo.App.1991); *Phelps v. Jeff Wolk Const. Co.*, 803 S.W.2d 641 (Mo.App.1991); *Thomas v. Becker Metals Corp.*, 805 S.W.2d 271 (Mo.App.1991); *Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180 (Mo.App.1990); *Jones v. Jefferson City School Dist.*, 801

S.W.2d 486 (Mc.App.1990); *Dolen v. Bandera's Cafe & Bar*, 800 S.W.2d 163 (Mo.App.1990); *Haynes v. Emerson Elec. Co.*, 799 S.W.2d 939 (Mo.App.1990); *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64 (Mo.App.1990); *Jerome v. Farmers Produce Exchange*, 797 S.W.2d 565 (Mo.App.1990); *Kramer v. Labor & Indus. Relations Com'n*, 799 S.W.2d 142 (Mo.App.1990); *Beasley v. Dake, Inc.*, 795 S.W.2d 646 (Mo.App.1990); *Reves v. Kindell's Mercantile Co., Inc.*, 793 S.W.2d 917 (Mo.App.1990); *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Institute*, 793 S.W.2d 195 (Mo.App.1990); *Gee v. Bell Pest Control*, 795 S.W.2d 532 (Mo.App.1990); *Glenn v. General Motors Corp.*, 792 S.W.2d 55 (Mo.App.1990); *Borjas v. Landmark Builders*, 792 S.W.2d 29 (Mo.App.1990); *Jacobs v. Ryder System/Complete Auto Transit*, 789 S.W.2d 233 (Mo.App.1990); *Johnson v. Terre Du Lac, Inc.*, 788 S.W.2d 782 (Mo.App.1990); *Dillon v. General Motors*, 784 S.W.2d 915 (Mo.App.1990); *Stone on Behalf of Stone v. Heisten*, 777 S.W.2d 664 (Mo.App.1989); *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d 502 (Mo.App.1989); *Hatcher v. Floyd Charcoal*, 776 S.W.2d 891 (Mo.App.1989); *Erwin v. Polar Exp., Inc.*, 776 S.W.2d 458 (Mo.App.1989); *Brown v. Hillhaven Convalescent Center*, 776 S.W.2d 47 (Mo.App.1989); *Causey v. McCord*, 774 S.W.2d 898 (Mo.App.1989); *Shipley v. Gipson*, 773 S.W.2d 505 (Mo.App.1989); *Low v. ACF Industries*, 772 S.W.2d 904 (Mo.App.1989); *Gatlin v. Truman Medical Center*, 770 S.W.2d 510 (Mo.App.1989); *Seiber v. Moog Automotive, Inc.*, 773 S.W.2d 161 (Mo.App.1989); *Jordan v. D & L Custom Wood Products*, 767 S.W.2d 378 (Mo.App.1989); *Crum v. Sachs Elec.*, 769 S.W.2d 131 (Mo.App.1989); *Sansone v. Joseph Sansone Const. Co.*, 764 S.W.2d 751

(Mo.App.1989); *Davis v. Roadway Exp., Inc.*, 764 S.W.2d 145 (Mo.App.1989); *Foley v. Pipefitters Union, Local No. 562*, 762 S.W.2d 870 (Mo.App.1989); *Wiedower v. ACF Industries, Inc.*, 763 S.W.2d 333 (Mo. App.1988); *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413 (Mo.App.1988); *Nelson v. Consolidated Housing Development and Management Co., Inc.*, 750 S.W.2d 144 (Mo.App.1988); *Tester v. Autco Distributing, Inc.*, 749 S.W.2d 21 (Mo.App. 1988); *Sprung v. Interior Const. Service*, 752 S.W.2d 354 (Mo.App.1988); *Davison v. Florsheim Shoe Co.*, 750 S.W.2d 481 (Mo. App.1988); *Laclede Cab Co. v. Missouri Com'n on Human Rights*, 748 S.W.2d 390 (Mo.App.1988); *McCall v. McCall Amusement, Inc.*, 748 S.W.2d 827 (Mo.App.1988); *Boos by Boos v. Grey Eagle Distributors, Inc.*, 745 S.W.2d 837 (Mo.App.1988); *Counts v. John Fabick Tractor Co.*, 745 S.W.2d 839 (Mo.App.1988); *Clare v. Wilson Freight, Inc.*, 748 S.W.2d 740 (Mo.App. 1988); *Hall v. Wagner Div.–McGraw–Edison*, 755 S.W.2d 594 (Mo.App.1988); *Luster v. Industrial Engineering and Equipment Co.*, 747 S.W.2d 228 (Mo.App.1988); *Jimenez v. Ford Motor Co.*, 743 S.W.2d 120 (Mo.App.1988); *Mattera v. Tarlton*, 743 S.W.2d 887 (Mo.App.1987); *Passe v. City of St. Louis*, 741 S.W.2d 109 (Mo.App. 1987); *Smith v. Ozark Lead Co.*, 741 S.W.2d 802 (Mo.App.1987); *Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596 (Mo.App.1987); *Sturma v. General Installation Co. of Missouri–Illinois*, 739 S.W.2d 586 (Mo.App.1987); *Matzker v. St. Joseph Minerals Corp.*, 740 S.W.2d 362 (Mo.App. 1987); *Johnson v. Nanias (Bridal Originals)*, 738 S.W.2d 164 (Mo.App.1987); *Patchin v. National Super Markets, Inc.*, 738 S.W.2d 166 (Mo.App.1987); *Sapienza v. Deaconess Hosp.*, 738 S.W.2d 149 (Mo.

App.1987); *Rouge v. St. Charles Speedway*, 733 S.W.2d 854 (Mo.App.1987); *Bell v. Neiman Marcus, Inc.*, 733 S.W.2d 493 (Mo.App.1987); *Cope v. House of Maret*, 729 S.W.2d 641 (Mo.App.1987); *Palmer v. H.E. Miller Oldsmobile, Inc.*, 731 S.W.2d 389 (Mo.App.1987); *Olivio v. TLI, Inc.*, 731 S.W.2d 395 (Mo.App.1987); *Roby v. Tarlton Corp.*, 728 S.W.2d 586 (Mo.App. 1987); *Peck v. Marcone Appliance Parts Center*, 721 S.W.2d 762 (Mo.App.1986); *Hutchinson v. Tri–State Motor Transit Co.*, 721 S.W.2d 158 (Mo.App.1986); *French v. Ford Motor Co.*, 720 S.W.2d 24 (Mo.App.1986); *Jones v. Concordia Pub. House*, 712 S.W.2d 60 (Mo.App.1986); *Raines v. City of St. Louis*, 711 S.W.2d 544 (Mo.App.1986); *Westerhold v. Unitog–Holden Mfg. Co.*, 707 S.W.2d 456 (Mo.App. 1986); *Sims v. Bestway Cleaning Co.*, 701 S.W.2d 791 (Mo.App.1985); *McDonald v. Grahn Mfg. Co., Inc.*, 700 S.W.2d 157 (Mo. App.1985); *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921 (Mo.App.1985); *Anderson v. Emerson Elec. Co.*, 698 S.W.2d 574 (Mo.App.1985); *Katzenberger v. Gill*, 690 S.W.2d 473 (Mo.App.1985); *Tibbs v. Rowe Furniture Corp.*, 691 S.W.2d 410 (Mo.App.1985); *O'Donnell v. Guarantee Elec. Co.*, 690 S.W.2d 190 (Mo. App.1985); *Glickert v. Soundolier, Inc.*, 687 S.W.2d 674 (Mo.App.1985); *Indelicato v. Missouri Baptist Hosp.*, 690 S.W.2d 183 (Mo.App.1985); *Cox v. General Motors Corp.*, 691 S.W.2d 294 (Mo.App.1985); *Tyra v. Delta Veterinary Clinic, Inc.*, 687 S.W.2d 931 (Mo.App.1985); *Huddleston v. Gitt and Sons Realty*, 708 S.W.2d 149 (Mo.App.1985); *Page v. Green*, 686 S.W.2d 528 (Mo.App.1985); *Dillard v. City of St. Louis*, 685 S.W.2d 918 (Mo.App.1984); *Fowler v. Monarch Plastics*, 684 S.W.2d 429 (Mo.App.1984); *Ferguson v. Twin Hills Golf and Country Club, Inc.*, 679 S.W.2d 355 (Mo.App.1984); *Ford v. Bi–State Development Agency*, 677 S.W.2d 899 (Mo.App.1984); *Eagle v. City of St. James*, 669 S.W.2d 36 (Mo.App.1984); *Hagan v. Paris & Osbourne Chevrolet*, 667 S.W.2d 1 (Mo.App.1984); *Shinuald v. Mound City Yellow Cab Co.*, 666 S.W.2d 846 (Mo.App.1984); *Matthews v. Roadway Exp., Inc.*, 660 S.W.2d 768 (Mo.App.1983); *Bradshaw v. Brown Shoe Co.*, 660 S.W.2d 390 (Mo.App.1983); *Smith v. Hussmann Refrigerator Co.*, 658 S.W.2d 948 (Mo.App. 1983); *Blatter v. Missouri Dept. of Social Services Div. of Aging*, 655 S.W.2d 819 (Mo.App.1983); *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8 (Mo. App.1983); *Banner Iron Works v. Mordis*, 663 S.W.2d 770 (Mo.App.1983); *Chilton v. General Motors Parts Div.*, 643 S.W.2d 304 (Mo.App.1982); *Nichols v. Fruin–Colon Const. Co.*, 641 S.W.2d 149 (Mo.App. 1982); *Chilton v. Thum*, 631 S.W.2d 74 (Mo.App.1982); *Alexander v. Pin Oaks Nursing Home*, 625 S.W.2d 192 (Mo.App. 1981); *Childers v. Town & Country Suzuki Sales, Ltd.*, 624 S.W.2d 863 (Mo.App. 1981); *Wray v. Schwitzer Co.*, 615 S.W.2d 646 (Mo.App.1981); *Kite v. Polsky Motors, Inc.*, 614 S.W.2d 294 (Mo.App.1981); *Conrad v. Royal Brokerage Co., Inc.*, 612 S.W.2d 13 (Mo.App.1980); *Henderson v. Chrysler Corp.*, 601 S.W.2d 645 (Mo.App. 1980); *Lewis v. City of Liberty*, 600 S.W.2d 677 (Mo.App.1980); *Paddock v. Chrysler Corp.*, 599 S.W.2d 33 (Mo.App. 1980); *Cathers v. Monarch Products, Inc.*, 595 S.W.2d 456 (Mo.App.1980); *Barrett v. Bentzinger Bros., Inc.*, 595 S.W.2d 441 (Mo.App.1980); *Manis v. L.A. Hilderbrandt Enterprises*, 595 S.W.2d 414 (Mo. App.1980); *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650 (Mo.App. 1980); *Johnson v. General Motors Assembly Division G.M.C.*, 605 S.W.2d 511 (Mo. App.1980); *Nichols v. Adams Tree Service*, 592 S.W.2d 274 (Mo.App.1979); *Greer v. Department of Liquor Control*, 592

S.W.2d 188 (Mo.App.1979); *Taliaferro v. Barnes Hospital,* 586 S.W.2d 429 (Mo.App. 1979); *Berardino v. General Molding, Inc., P.D.,* 586 S.W.2d 365 (Mo.App.1979); *Musgrave v. Banquet Foods Corp.,* 579 S.W.2d 838 (Mo.App.1979); *Skinner v. Dawson Metal Products,* 575 S.W.2d 935 (Mo.App.1978); *Tillman v. Wedge Mobile Service Station,* 565 S.W.2d 653 (Mo.App. 1978); *Gold v. Sharp, Kidde, Webb,* 564 S.W.2d 612 (Mo.App.1978); *Vogel v. Hall Implement Co.,* 551 S.W.2d 922 (Mo.App. 1977); *Begey v. Parkhill Trucking Co.,* 546 S.W.2d 529 (Mo.App.1977); *Hennecke v. Washington University,* 543 S.W.2d 525 (Mo.App.1976); *Lindquist v. Container Corp. of America,* 537 S.W.2d 676 (Mo. App.1976); *Ferguson v. Hood,* 541 S.W.2d 19 (Mo.App.1976); *Griffin v. Evans Elec. Const. Co.,* 529 S.W.2d 172 (Mo.App.1975); *Faries v. ACF Industries, Inc.,* 531 S.W.2d 93 (Mo.App.1975); *Freeman v. Callow,* 525 S.W.2d 371 (Mo.App.1975); *Smith v. Plaster,* 518 S.W.2d 692 (Mo.App.1975); *Saale v. Alton Brick Co.,* 508 S.W.2d 243 (Mo. App.1974); *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810 (Mo.App.1974); *Russell v. Southwest Grease & Oil Co.,* 509 S.W.2d 776 (Mo.App.1974); *Selvey v. Robertson,* 468 S.W.2d 212 (Mo.App.1971); *Howard v. Fred Weber, Contractor, Inc.,* 465 S.W.2d 861 (Mo.App.1971); *Pate v. St. Louis Independent Packing Co., Division of Swift & Co.,* 423 S.W.2d 744 (Mo.App. 1968); *Lawson v. Lawson,* 415 S.W.2d 313 (Mo.App.1967); *Luketich v. Krey Packing Co.,* 413 S.W.2d 29 (Mo.App.1967); *Shireman v. Rainen Home Furnishers, Inc.,* 402 S.W.2d 64 (Mo.App.1966); *Johnson v. Simpson Oil Co.,* 394 S.W.2d 91 (Mo.App. 1965); *Cotton v. Voss Truck Lines, Inc.,* 392 S.W.2d 428 (Mo.App.1965); *Dixon v. Art Bunker Motors, Inc.,* 387 S.W.2d 199 (Mo.App.1964); *Vandaveer v. Reinhart & Donovan Const. Co.,* 370 S.W.2d 156 (Mo.

App.1963); *Smith v. American Car & Foundry Division, A.C.F. Industries, Inc.,* 368 S.W.2d 515 (Mo.App.1963); *Cross v. Crabtree,* 364 S.W.2d 61 (Mo.App.1962); *Love v. Land,* 356 S.W.2d 105 (Mo.App. 1962); *Smith v. Cascade Laundry Co.,* 335 S.W.2d 501 (Mo.App.1960); *Atterberry v. Porter De Witt Const. Co.,* 333 S.W.2d 340 (Mo.App.1960); *Fisher v. Hennessey,* 329 S.W.2d 225 (Mo.App.1959); *Barton v. Western Fireproofing Co.,* 326 S.W.2d 344 (Mo.App.1959); *Heaton v. Ferrell,* 325 S.W.2d 800 (Mo.App.1959); *Williams v. Anderson Air Activities,* 319 S.W.2d 61 (Mo.App.1958); *Anderson v. Pickwick Hotel, Inc.,* 313 S.W.2d 39 (Mo.App.1958); *Slider v. Brown Shoe Co.,* 308 S.W.2d 306 (Mo.App.1957); *Blair v. Armour & Co.,* 306 S.W.2d 84 (Mo.App.1957); *Hance v. Johnson, Stephens & Shinkle Shoe Co.,* 306 S.W.2d 80 (Mo.App.1957); *Garrison v. Campbell '66' Exp., Inc.,* 297 S.W.2d 22 (Mo.App.1956); *McCaleb v. Greer,* 241 Mo. App. 736, 267 S.W.2d 54 (1954)