Lawrence NOVAK, Appellant,

v.

**TREASURER OF MISSOURI AS CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

No. ED 83798.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 2004.

John J. Larsen, Jr., Larsen, Feist & Hess, P.C., St. Louis, MO, for appellant.

Carol Lea Barnard, Assistant Attorney General, St. Louis, MO, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

### ORDER

PER CURIAM.

Lawrence Novak ("Claimant") filed a Claim for Compensation ("Claim") against his employer Laclede Gas Company ("Laclede") and the Second Injury Fund ("SIF") based on accidental injuries arising out of and in the course of his employment. Claimant settled his Claim against Laclede and, therefore, the only issues for resolution at the hearing were the nature and extent of permanent disability sustained by Claimant and the liability of the SIF.

The ALJ found that Claimant failed to meet his burden of proving that he was permanently and totally disabled as the result of his final work-related injury alone or in combination with Claimant's pre-existing injuries and, instead, any permanent total disability resulted from a deterioration of Claimant's psychiatric condition unrelated and subsequent to the primary injuries in this Claim. Accordingly, the ALJ found that the SIF is not liable for permanent total disability. The Labor and Industrial Relations Commission ("Commission") reviewed the whole record and found that competent and substantial evidence supported the award, thereby denying Claimant's request for compensation from the SIF. Claimant appealed.

We have reviewed the briefs of the parties and the record on appeal and find competent and substantial evidence to support the Commission's award. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). An extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision.

We affirm the award pursuant to Rule 84.16(b).