Melissa STEWART, Petitioner-Appellant,

v.

The MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES, Respondent-Respondent.

No. SD 34818

Missouri Court of Appeals, Southern District, Division Two.

Filed: October 31, 2017

Attorney for Appellant—J. Eric Mitchell of Clinton, MO.

Attorneys for Respondent—Joshua D. Hawley (Attorney General), Ashley D. Ray of Jefferson City, MO.

Nancy Steffen Rahmeyer, P.J.

Melissa Stewart ("Stewart") was fired from a nursing home facility as a licensed practical nurse after being accused of fraudulently ordering 900 tablets of an opiate pain medication in the names of various residents. After her termination from the facility, the Department of Health and Senior Services ("the Department") conducted an investigation and substantiated the allegation of misappropriation of the pain medication. Stewart was notified that

her name would be included on the Employee Disqualification List ("EDL") as an employee who had misappropriated funds or property of a resident while employed in a facility. She appealed to the Missouri Department of Social Services Administrative Hearings Unit and, after losing at the hearing, filed a Petition for Judicial Review. Stewart now appeals the trial court's affirmation of the Administrative Decision and Order.

Stewart brings one point of error, claiming:

> The Deputy Director erred in ordering that her name be placed on the EDL maintained by the Department because it was not supported by competent and substantial evidence upon the whole record; was arbitrary, capricious or unreasonable; and was an abuse of discretion due to its reliance on inadmissible hearsay evidence and evidence that was allowed without foundation over appellant's objection.

Clearly, the point relied on identifies four different issues: whether the decision is supported by competent and substantial evidence; whether the decision is arbitrary, capricious or unreasonable; whether the decision was an abuse of discretion due to reliance on inadmissible evidence; and whether evidence was allowed without a proper foundation. Nevertheless, after citing the standard of review, Stewart primarily develops an argument that the decision was not supported by competent and substantial evidence. More particularly, Stewart argues that there was evidence that was not produced at trial which would have been more convincing to the factfinder. We will address whether there was substantial evidence to support the judgment by setting forth our standard of review and the evidence supporting the judgment.

Our standard of review was set forth in *Albanna v. State Bd. of Registration for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009) (footnote 3 omitted):

> The correct standard of review for administrative decisions governed by article V, section 18 of the Missouri Constitution—which includes healings arts cases—is "whether, considering the whole record, there is sufficient competent and substantial evidence to support the [agency's decision]. This standard would not be met in the rare case when the [agency's decision] is contrary to the overwhelming weight of the evidence." *Lagud [v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786, 791 (Mo. banc 2004) ] (citing *Hampton [v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)) ].[ ] When the agency's decision involves a question of law, the court reviews the question *de novo. State Bd. of Registration for Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003).

With that standard of review in mind, the following evidence was adduced at the hearing. As noted by the Department, the material issue in this case was whether Stewart misappropriated property of a resident, specifically, the pain killers. To support that issue, a pharmacy technician testified that nurses from the facility typically called or faxed prescriptions to the pharmacy on behalf of residents. The technician spoke with a nurse named "Melissa" during the relevant time frame. Stewart was the only "Melissa" who worked at the nursing home during the time period of the missing 900 tablets. The technician was able to identify Stewart's signature on a document showing the medications that were received and checked in at the nursing home.

A certified medical technician at the nursing home testified that "a resident['s], order for [the opioid] had been discontinued[.]" The technician marked out the or-

der on the form and highlighted it, then "removed the card of [the opioid] from [her] medcart along with the count sheet and gave them to the charge nurse, [Stewart], so that she could put them in the—we have a little basket that—so they could be returned to the pharmacy and destroyed." Stewart did not return the card to the pharmacy so that the pharmacy would destroy the medication. After the Department reviewed pharmacy records, it discovered orders for the pain reliever for residents who did not have a physician's order for the medication, and issued a Disciplinary Warning to Stewart. There was further testimony that Stewart admitted to ordering the drug, recording the medication in a log, and then removing the medication from the facility.[1]

Although Stewart points to a supposed weakness in the evidence that there was not testimony from anyone who saw Stewart remove the medication from the nursing home, Stewart's argument is misplaced. The Department properly found that Stewart misappropriated property of a resident by finding that Stewart fraudulently ordered and received at the nursing home over 900 painkillers that were not given to or used by the residents. Stewart's point is denied.

The judgment is affirmed.

Jeffery W. Bates, J.—Concurs

William W. Francis, Jr., J.—Concurs

---

1. Stewart argued that, though she signed the Disciplinary Warning, it was not an indication she admits to the actions, only that she received the warning. The credibility of a witness is the agency's determination. *Henry v. Missouri Dept. of Mental Health*, 351 S.W.3d 707, 712 (Mo.App. W.D. 2011).