

# Missouri Court of Appeals
## Southern District
### Division Two

CUSTOMER ENGINEERING SERVICES,  )
                                       )
              Appellant,           )
                                         )
       vs.                       )     No. SD35638
                                         )
MARK ODOM,                        )     FILED: March 28, 2019
                                         )
             Respondent.         )

## ON MOTIONS FOR REHEARING OR TRANSFER

(Before Bates, J., Scott, J., and Sheffield, J.)

PER CURIAM.  CES seeks rehearing or transfer as to Point 1, asserting that the Rule 84.04(e) briefing requirements blatantly violated by CES "conflict with" and are overridden by ***Hampton v. Big Boy***'s call for reviewing courts to "examine the whole record" to determine if competent and substantial evidence supports a workers' compensation award.[1]  Thus CES repeatedly insists that we are "required" to "review the whole record" regardless of briefing violations.

There is no conflict.  ***Hampton*** and its progeny implicitly assume proper, or at least adequate, briefing.  By contrast, our opinion shows that Point 1 was fatally flawed in two independent respects, one being Rule 84.04(e) violations so serious and extensive as to have warranted a dismissal.  Motions denied.

---

[1] ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 222-23 (Mo. banc 2003); *see also **Johme v. St. John's Mercy Healthcare***, 366 S.W.3d 504, 509 (Mo. banc 2012). Representative of its motions, CES seeks a rehearing "so the Court may 'examine the whole record' as required by ***Hampton*** and ***Johme***, which are in conflict with Rule 84.04(e)."