**Summer MILLER, Appellant,**

v.

**NuCROWN, INC., Division of Employment Security, Respondent.**

**No. WD 67355.**

Missouri Court of Appeals, Western District.

Nov. 20, 2007.

---

7. Having reached this conclusion, we need not address Appellant's second point on appeal.

Summer Miller, Elgin, IL, Appellant Pro Se.

Larry R. Ruhmann, Esq., Jefferson City, MO, for Respondent.

Before NEWTON, P.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Summer Miller appeals from the disqualification of her unemployment claim by the Labor and Industrial Relations Commission. Because the record does not support the Commission's finding that Miller abandoned her job, we reverse the order of disqualification.

FACTUAL AND PROCEDURAL HISTORY

Miller had been employed as an assistant office manager at NuCrown, Inc. (Employer) for approximately five years. Upon hiring, Miller received a pamphlet explaining the Employer's policy requiring employees to call in if they are unable to work due to illness. Any employee who fails to call in for three days is considered a resignation.

Miller last worked for the Employer on Friday, August 26, 2005. On the next three days she was scheduled to work— August 29, 30, and September 1—Miller called the Employer's office to report that she was ill. Miller's direct supervisor denies any knowledge of these phone calls.

Miller called her insurance company on September 1, 2005, to get information for her doctor. She was told that her insurance had been cancelled by the Employer, effective that day. Miller called the Employer's corporate headquarters that same day and learned that her employment had been terminated.

On April 20, 2006, Miller filed a claim for unemployment benefits. The claim was denied, and Miller appealed to the Appeals Tribunal of the Division of Employment Security. Following a hearing, the appeals referee made written findings that

Miller "called her employer for three days after August 26, 2005, to report that she would be absent from work but stopped reporting to work or calling her employer after the third day." The referee concluded that Miller "abandoned her job when she did not return to work after August 26, 2005." Miller was disqualified for employment benefits based on the referee's finding that she "left her work voluntarily ... without good cause attributable to her work or to her employer."

Miller sought review from the Labor and Industrial Relations Commission, which affirmed and adopted the referee's decision. Miller appeals from the Commission's order disqualifying her unemployment claim.

## STANDARD OF REVIEW

Upon review of an unemployment claim, we examine the entire record to determine if it contains sufficient competent and substantial evidence to support the Commission's decision. *Dolgencorp, Inc. v. Zatorski,* 134 S.W.3d 813, 817 (Mo. App.2004). "An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). We defer to the Commission's factual determinations but exercise independent judgment on questions of law. *Dolgencorp,* 134 S.W.3d at 817.

## ANALYSIS

In her sole point on appeal, Miller contends the Commission erred in disqualifying her unemployment claim because the record does not support a finding that she abandoned her employment. We agree and, therefore, reverse the Commission's order.

At the appeals tribunal hearing, there was conflicting evidence regarding whether Miller called in to report her illness on the three days she was scheduled to work after August 26, 2005. Miller testified that she called into the office to report her absences, but her direct supervisor denied any knowledge of such calls. Miller presented cell phone records to support her testimony. The Commission found Miller credible, as indicated by its finding that she reported her absences for three days after August 26, 2005. We must defer to the Commission's factual determination in that regard.

Based on the finding that Miller reported her absences, the Commission's further conclusion that she abandoned her employment is unsupported by the record. After August 26, 2005, the only three days that Miller was scheduled to work were August 29, 30, and September 1, 2005. The record indicates that she called in on all three of those days. When Miller called the insurance company and the Employer on September 1, she learned that her work-related insurance had been cancelled and her job terminated effective that date. There is no contrary evidence in the record. Miller fully complied with the Employer's call-in policy, but her employment was nonetheless terminated on September 1, 2005. Because the termination occurred on the third day that Miller called in to report her absence, the record does not support a finding that she left work voluntarily without good cause attributable to her work or her Employer.

## CONCLUSION

The Commission's order is reversed, and the cause is remanded for determination of unemployment benefits.

All concur.