Larry BLACK, Appellant,

v.

ST. FRANCOIS CO. AMBULANCE DISTRICT, and Division of Employment Security, Respondents.

No. ED 96841.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 17, 2012.

Kenneth P. Carp, Clayton, MO, for Appellant.

Bart A. Matanic, Jefferson City, MO, for Respondents.

ROY L. RICHTER, Judge.

Larry Black ("Black") appeals a decision from the Labor and Industrial Relations Commission ("the Commission") denying Black unemployment benefits. We reverse and remand.

## I. BACKGROUND

Black was employed by the St. Francois County Ambulance District ("Employer") since 2002. He began his tenure as a part-time EMT, and later became a full-time paramedic. During Black's shift on the morning of November 7, 2010, Black became ill with a sinus infection and received permission from his supervisor to lie down after his last call. Black awoke near the end of his shift, and, as Employer's policy required, he finished his paperwork before clocking out. To do so, however, caused Black to stay for 18 minutes of overtime. Black testified that he did not request permission for overtime because his actions were done in the presence of a supervisor, and it was not customary for employees to request permission to work overtime.

Black was discharged on November 7, 2010. Employer's administrator testified that Black had been warned twice verbally that he had to request approval to work overtime; Employer's witness, however, could not provide the dates or documentation of the warnings. Employer had records of other reprimands in Black's file, but admitted that the issues addressed were unrelated to overtime. Black had been issued Employer's rule book and ac-

knowledged that he read, understood and agreed to abide by the Employer's policies.

A deputy for the Division of Employment Security ("the Division") determined that Black was disqualified as of November 7, 2010, from receiving unemployment benefits because his discharge was for misconduct connected with his work. Black appealed to the Division's Appeals Tribunal ("the Tribunal"), which affirmed the deputy's determination.

Subsequently, Black appealed to the Commission. The Commission also concluded that Black was discharged on November 7, 2010, for misconduct connected with work. One member of the Commission dissented from the Commission's decision finding Black engaged in misconduct, reasoning that Employer failed to prove Black's actions met the definition of "misconduct" for purposes of the Missouri Employment Security Law. Black now appeals to this Court.

## II. DISCUSSION

In his sole point on appeal, Black argues that the Commission erred in denying him unemployment benefits under a finding of misconduct because there was not sufficient competent evidence in the record to warrant such a finding under Sections 288.050.2 and 288.210, RSMo Cum.Supp. 2010.[1] Black argues that Employer has failed to show that he behaved in a willful, wanton or deliberate manner when he accrued 18 minutes of overtime in order to fulfill Employer's paperwork completion policy.

■ We may set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was no sufficient competent evidence in the record to warrant the making of the award. *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197–98 (Mo. App. W.D.2007). Under Section 288.210, we review the whole record to determine if it contains sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). We defer to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony. *Munson v. Div. of Employment Sec.*, 323 S.W.3d 112, 114 (Mo.App. W.D.2010). However, we owe no deference to the Commission's conclusions of law or application of the law to the facts. *Id.* Whether an employee's conduct constitutes misconduct connected with work is a question of law, thus the Commission's determination is not given any deference by the reviewing court. *Ottomeyer v. Whelan Sec. Co.*, 202 S.W.3d 88, 91 (Mo.App. E.D.2006).

■ Under Section 288.050.2, a claimant may be disqualified from receiving unemployment benefits if he committed misconduct connected with work. While an employee generally bears the burden of demonstrating he is entitled to unemployment benefits, the burden shifts to the employer to prove misconduct connected with work when the employer asserts that the employee was discharged for misconduct. *Williams v. Enterprise Rent–A–Car Shared Servs., LLC*, 297 S.W.3d 139, 142 (Mo.App. E.D.2009). Under Section 288.030.1(23), misconduct is defined as:

> [1] an act of wanton or willful disregard of the employer's interest, [2] a deliberate violation of the employer's rules, [3]

---

1. All subsequent statutory citations are to RSMo Cum.Supp.2010, unless otherwise indicated.

a disregard of standards of behavior which the employer has the right to expect of his or her employee, or [4] negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

◾ A finding of misconduct requires proof by a preponderance of the evidence that a claimant willfully violated the rules or standards of the employer and that his actions were not simply the result of poor workmanship, lack of judgment, or an inability to do the job. *Hoover v. Cmty. Blood Ctr.*, 153 S.W.3d 9, 13 (Mo.App. W.D.2005).

◾ Black argues that the Commission erred in finding there was sufficient evidence in the record that the discharge was for misconduct related to work. He contends that the Commission's finding of misconduct is unsupported by the evidence because the record lacked evidence that Black deliberately or purposefully failed to follow Employer's instructions. Instead, Black argues that his actions amounted only to poor judgment or irresponsibility.

In response, the Division argues that Black violated numerous rules of Employer, not just the "last" rule violation regarding seeking permission for overtime. The Division concedes that "this was not the most egregious violation of work rules that Claimant committed" and attempts to direct the Court's attention to the "clear course of misconduct during Claimant's tenure with Employer that resulted in his discharge."

Without overlooking Black's past course of misconduct on the record, the primary issue here is whether Black committed *disqualifying* misconduct when he failed to seek permission for his overtime under the circumstances of this case. We find he did not. The record contains evidence that Black received permission to lie down while he felt sick, instead of completing his paperwork immediately after the call. Additionally, when Black awoke, a supervisor stood by silent and watched Black complete his paperwork while accruing overtime, and then, after Black's departure, made a "simple phone call" to report the incident to the administrator. Given these circumstances, as well as the usual course of conduct to accrue overtime without permission, we cannot find that Black committed misconduct connected with work. Black's effort to follow one policy to complete paperwork before leaving work, after receiving permission to lie down and delay completing paperwork earlier in his shift, does not amount to what Employer calls insubordination. Absent such a showing that the claimant acted in a willful, wanton, or deliberate manner, it is error as a matter of law to deny claimant his unemployment benefits. *Hoover*, 153 S.W.3d at 13. Upon this Court's review of the record, we find no sufficient evidence to warrant the denial of Black's benefits.

## III. CONCLUSION

The decision of the Commission is reversed and the case is remanded to the Commission with instructions to enter Black's award of unemployment benefits.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.