*930 DISSENTING OPINION
Mary R. Russell, Judge
I respectfully dissent. The majority opinion neglects to apply the correct standard of review in reaching its decision to reverse the Labor and Industrial Relations Commission (commission). The correct standard of review is whether there was sufficient competent and substantial evidence to support the commission’s finding that Ronald • Malam failed to show his workplace accident was the “prevailing factor” that caused his medical condition. 'In light of the medical evidence offered here, the commission’s decision should be affirmed.
I. Standard of Review
On appeal, the reviewing court defers to the commission on factual findings, credibility determinations, and weight given to conflicting evidence. Treasurer of State-Custodian of Second Injury Fund v. Witte, 414 S.W.3d 455, 460 (Mo. banc 2013). If an award is supported by sufficient competent and substantial evidence upon the whole record and is not contrary to the overwhelming weight of the evidence, it must be upheld. Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222-23 (Mo. banc 2003).
II. Analysis
A claimant’s, burden of proof to show eligibility for workers’ compensation benefits has changed in recent years. Prior to 2005, a claimant needed to show only that work was “a substantial factor” in causing the complained-of injury. Section 287.020.3, RSMo 2000. The General Assembly, however, amended this statute in 2005 by placing a heightened burden on a claimant, requiring a showing that the accident was the “prevailing factor” in eaus-ing. the individual’s injury. Section 287.020.3.[1] To be. the “prevailing factor,” the accident must be “the primary factor, in relation to any other factor, causing both the resulting medical condition and disability.” Id. An injury is “not compen-sable because work was a triggering or precipitating factor.”[2] Section 287.020.2 (emphasis .added). The commission’s determination of whether a workplace accident is the “prevailing factor” in causing a claimant’s medical condition is a factual one that is entitled to deference by reviewing courts. Maness v. City of De Soto, 421 S.W.3d 532, 539 (Mo.App.2014).
. Although the .majority opinion correctly states these well-settled rules, it proceeds to analyze the commission’s decision in this case without applying the appropriate standard of review. The majority opinion fails to find that the commission’s award is not supported by sufficient competent and substantial evidence or that it is contrary to the overwhelming weight of the evidence. Instead, the majority opinion dismisses the commission’s decision as an “overly technical and parsed analysis” of an expert’s written opinion and concludes that “the plain meaning of Dr. Koprivica’s testimony was that the accident was the ‘prevailing’ factor causing or, in his words, ‘precipitating’ Mr. Malam’s hypertensive crisis.” op. 929.
The correct inquiry here is whether the commission’s award is supported by sufficient competent and substantial evidence. In light of Malam’s medical history and the testimony from the various physicians, that question should be answered affirmatively.
Dr. Koprivica concluded in 'his written report that Malam’s workplace accident was the “direct, proximate and prevailing factor precipitating his hypertensive cri *931 sis.” (emphasis added). ,Dr. Koprivica stated elsewhere that “[cjlearly, Mr. Ma-lam had an underlying hypertensive car-diomyopathy identified as far back as 2005. Nevertheless, the prevailing factor ‘precipitating the specific event” was the workplace accident, (emphasis added). These statements are problematic because section 287.020 has long held that an injury is not compensable because a work accident was a precipitating factor. In addition, the “prevailing factor” standard has been the law since 2005.
Here, Dr. Koprivica provided expert testimony to establish medical causation. Because the commission concluded that Dr. Koprivica’s testimony was equivocal with regard to whether the accident was the “prevailing factor” causing Malam’s medical condition, it found that Malam failed to establish the requisite degree of medical causation. This finding is supported by sufficient competent and substantial evidence and is not contrary to the overwhelming weight of the evidence.
While a medical expert does not have to employ particular legal terms of art in rendering an opinion, see Mayfield v. Brown Shoe Co., 941 S.W.2d 31, 36 (Mo.App.1997), it appears that Dr. Koprivica has had extensive experience with the Missouri workers’ compensation system for almost 20 years, and he was well aware of the statutory directive that “an injury is not compensable because work was a triggering or precipitating factor” and that a work accident must be the “prevailing factor” causing the injury. Section 287.020; see, e.g, Dierks v. Kraft Foods, 471 S.W.3d 726, 732 (Mo.App.2015) (Dr. Koprivica testified that an employee’s workplace fall was the “prevailing factor” in causing permanent injury to her knee); Watson-Spargo v. Treasurer of State, Custodian of Second Injury Fund, 370 S.W.3d 292, 299 (Mo.App.2012) (Dr. Koprivica stated that an employee’s accident was the “prevailing factor” in causing her additional disability); Tillotson v. St. Joseph Med. Ctr., 347 S.W.3d 511, 515 (Mo.App.2011) (Dr. Kopri-vica concluded .that an employee’s workplace injury was the “prevailing factor” in causing, her need for a knee replacement).
Further, Dr. Koprivica’s experience as a medical expert in the area of workers’ compensation is vast. He has given expert opinions in 33 published workers’ compensation casés, according to a Westlaw search. -''His curriculum vitae indicates that he has spoken about the workers’ compensation laws of this state. Because Dr. Koprivica is a frequent expert witness, the commission was familiar with his expertise in workers’ compensation law and could expect his written medical opinion in this case to reflect that knowledge.
Additionally, Malam’s medical history and testimony from treating physicians supported the commission’s conclusion that Malam did not show that the accident was the “prevailing factor” in causing his hypertensive crisis. As Dr. Koprivica noted, Malam’s medical history is- “complex.” Six years before His accident, Malam was hospitalized and diagnosed with congestive heart failure, hypertension, primary car-diomyopathy, pulmonary hypertension, left ventricular dysfunction, biventricular failure, and morbid obesity. He was hospitalized a second time for acute gallstone pan-creatitis and at that time, was diagnosed with diabetes, Malam w;as hospitalized once more the year preceding his accident with severe acute pancreatitis, acute renal failure, obesity, hypertension, and uncontrolled diabetes.
. Reports from Dr. Timothy Woods, Dr. Douglas Ham, and Dr. Mark Anderson, the physicians who treated Malam after the accident, reflected that there was significant confusion among these physicians regarding the events of the accident. They all indicated in their reports that a person had fallen on> Malam’s chest, which *932 was not the case. Because Malam was intubated, the physicians were not ablé to ask him what actually occurred. Nevertheless, none of the treating doctors found any sign- of trauma to Malam’s chest. Dr. Woods observed that Malam’s knee was abraded but “[n]o other external trauma [was] noted.” Dr. Woods concluded that “[i]t does not appear that the patient’s disease process is related to trauma. It is likely that trauma precipitated the medical processes he has going on.” (emphasis added).
Dr. Ham similarly reported that Malam had a small abrasion on one knee but that there was no bruising on his chest. He concluded that Malam was “[a] 50-year-old male with significant congestive heart failure, pulmonary edema[:] [i]t is unclear whether this was all related to a possible cardiac contusion tipping him into the congestive heart failure or whether he could have also had a pulmonary contusion which worsened his respiratory and cardiac status or could have been secondary to the stress of the altercation.” Dr. Ham found no traumatic injuries on Malam.
Dr. Anderson conducted a CT scan of Malam’s chest and reported no “rib fracture or evidence of pulmonary contusion.” Dr. Anderson stated that Malam suffered from hypertensive crisis, acute renal failure, and respiratory failure.
Prior to the accident, Malam suffered from hypertension, cardiomyopathy, and diabetes. Upon Malam’s discharge from the hospital after the accident, in addition to those pre-existing conditions, he also was diagnosed with methicillin-sensitive staphylococcus aureas (MSSA) bronchitis and hypertensive emergency.
In addition to Malam’s medical history and the reports of treating physicians, the commission also had before it the reports of two consulting physicians who saw Ma-lam after the accident and reviewed his medical records. The opinions of Dr. Ko-privica are discussed above. Dr. Anne-Marie Puricelli concluded that Malam had a history of hypertensive crises with flash pulmonary edema that was cardiogenic in origin, congestive heart failure, and renal failure and that none of these conditions were related to the Malam’s workplace accident.[3]
III. Conclusion
Malam did not meet his burden of proof that the accident was the prevailing factor causing his medical conditions. It was undisputed that Malam suffered from serious preexisting medical conditions prior to the accident, including hypertension, cardiom-yopathy, and diabetes. The physicians who treated' Malam after the accident found no signs of trauma to Malam’s chest, and their reports demonstrate uncertainty about the underlying cause of Malam’s hypertensive crisis. Dr. Puricelli concluded that Malam’s workplace accident was unrelated to his medical conditions. Most importantly, Dr. Koprivica, who was an experienced expert witness, did not unequivocally state that Malam met that standard. Section 287.020. At the time of the hearing, the law in this area had been the same for almost a decade. Since 2005, section 287.020 has required a showing that the accident was the “prevailing factor” causing a claimant’s medical condition. And even before that, in 1993, the legislature *933 specifically prohibited compensation when a claimant could only show that work was a precipitating or triggering factor. As an experienced expert in workers’ compensation cases, Dr. Kopriviea presumably knew this important distinction between the words “prevailing” and “precipitating.” Consequently, Malam did not meet the required burden of proof.
There was sufficient substantial and competent' evidence in this record to sup-
port the commission’s finding that Malam did not show the requisite degree of medical causation to award workers’ compensation benefits.
I would affirm the commission’s decision.

. All statutory references are to RSMo Supp. 2010 unless otherwise indicated.

. This language was ¿dded to section 287.020.2 in 1993. RSMo Supp. 1993,

. The commission noted that both, of the consulting experts, based their opinions, on certain facts that, were not consistent with the record. Dr. Koprivica reported that Malam used "extreme exertion” in "wrestling” the other individual to the ground during the altercation, but Malam testified that the force he used was "minimal.” The report of Dr. Puricelli indicated a belief that Malam remained standing during the entire altercation, which was not the case.